1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

9

10  UNITED STATES OF AMERICA,                     )
                                                  )  Case No.
11          Plaintiff,                            )
                                                  )
12          v.                                    )  **COMPLAINT TO REDUCE TAX**
                                                  )  **ASSESSMENTS TO JUDGMENT**
13  THOMAS WEATHERS,                              )  **AND FORECLOSE FEDERAL TAX**
    KATHY WEATHERS,                               )  **LIENS**
14  TKW LIMITED PARTNERSHIP,                      )
    T&K WEATHERS LIMITED,                         )
15  COWLITZ COUNTY,                               )
    MOUNTAIN PEAK MANAGEMENT                      )
16  CORPORATION,                                  )
    FINANCIAL ASSISTANCE,                         )
17  WAPITI VENTURES LLC,                          )
    MARLENE M. BENNETT as Trustee of             )
18  THE MARLENE M. BENNETT                        )
    REVOCABLE LIVING TRUST,                       )
19  PRECISION PROPERTY MANAGEMENT                 )
    CORPORATION, NETFUNDING, INC.,                )
20  CORAL MANAGEMENT, INC. and                    )
    SOUTHWIND SOFTWARE AND                        )
21  DEVELOPMENT CORPORATION                       )
                                                  )
22          Defendants.                           )
    _____)

23

United States' Complaint            1           **U.S. DEPARTMENT OF**
24                                                **JUSTICE**
                                                  Tax Division, Western Region
                                                  P.O. Box 683
                                                  Washington, D.C.  20044
                                                  Telephone: 202-307-2182

## INTRODUCTION

1. This is a civil action timely brought by the United States to (i) reduce to judgment the outstanding federal tax assessments against Thomas Weathers ("Mr. Weathers"); (ii) reduce to judgment the outstanding federal tax assessments against Kathy Weathers ("Mrs. Weathers"); (iii) reduce to judgment the outstanding federal taxes jointly assessed against Mr. and Mrs. Weathers; (iv) reduce to judgment the outstanding federal tax assessments against TKW Limited Partnership ("TKW"); (v) reduce to judgment outstanding federal tax assessments against T&K Weathers Limited Partnership ("T&K Weathers") (vi) find that parcels of real property located in Cowlitz County, Washington (the "U.S. Properties") and Belize, Central America (the "Belize Property") (collectively, the "Subject Properties") are held by a nominee and/or alter ego of Mr. and/or Mrs. Weathers or, in the alternative, that the Subject Properties were fraudulently transferred; (vii) foreclose federal tax liens on the U.S. Properties; and (viii) issue an order requiring Mr. and Mrs. Weathers to sell their real property overseas, including the Belize Property, and repatriate the proceeds to the United States; and (ix) distribute the proceeds from all sales in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

## JURISDICTION AND VENUE

2. This action is commenced pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403(a), at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

United States' Complaint                    2                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the federal tax liabilities at issue accrued within the Western District of Washington, and the taxpayers reside in this District.

**DEFENDANTS**

5. Mr. Weathers is named as a defendant because he has unpaid federal tax liabilities and has or may claim ownership in one or more of the Subject Properties. Mr. Weathers' address is 5000 NE 49th Street Vancouver, WA 98661-2670.

6. Mrs. Weathers is named as a defendant because she has unpaid federal tax liabilities and has or may claim ownership in one or more of the Subject Properties. Mrs. Weathers' address is 5000 NE 49th Street Vancouver, WA 98661-2670.

7. TKW is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in one or more of the Subject Properties. TKW is a limited partnership registered in Oregon and is located at 818 SW 3rd Avenue #1363 Portland, OR 97204.

8. T&K Weathers is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in one or more of the Subject Properties. T&K Weathers is a limited partnership registered in Oregon and is located at 818 SW 3rd Avenue #1363 Portland, Oregon 97204.

9. Cowlitz County is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the U.S. Properties. The Cowlitz County Auditor is located at 207 4th Avenue N. Kelso, WA 98626.

United States' Complaint                    3                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

10. Mountain Peak Management Corporation ("Mountain Peak") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in one or more of the Subject Properties. Mountain Peak is a possibly defunct Nevada corporation located at 1400 Colorado Avenue Boulder City, NV 89005.

11. Financial Assistance is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in one or more of the Subject Properties. Financial Assistance is located at 818 SW 3rd Avenue #1363 Portland, OR 97204.

12. Wapiti Ventures LLC ("Wapiti Ventures") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in one or more of the Subject Properties. Wapiti Ventures is a corporation registered in Oregon and has a principal place of business at 387 Allison Street Wenatchee, WA 98801

13. Southwind Software Development Corporation ("Southwind") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in one or more of the Subject Properties. Southwind is a possibly defunct Nevada corporation located at 3675 S. Rainbow Suite 105-236 Las Vegas, NV 89103.

14. Marlene M. Bennett as Trustee of the Marlene M. Bennett Revocable Living Trust is named as a defendant pursuant to 26 U.S.C. § 7403(b) because the trust may claim an interest in one or more of the Subject Properties. Ms. Bennett's address is 14 View Ridge Circle Longview, WA 98632.

15. Precision Property Management Corporation ("Precision") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim and interest in one or more of the Subject Properties. Precision is a Nevada corporation located at 501 S. Rancho Dr. Ste. H56, Las Vegas, NV 89106.

United States' Complaint 4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

16. Netfunding, Inc. ("Netfunding") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in one or more of the Subject Properties. Netfunding is an inactive Washington Corporation located at 4710 Polomondon St. Apt. 48 Vancouver, WA 98661-6183.

17. Coral Management, Inc. ("Coral Management") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Belize Property. Coral Management is an inactive Washington Corporation located at 8530 Cascadia Avenue Everett, WA 98208.

**SUBJECT PROPERTIES**

18. The United States seeks to foreclose federal tax liens against multiple parcels of real property that are located in Washington. The United States also seeks an order requiring Mr. and Mrs. Weathers, and their nominees, to sell a condominium located in Belize and repatriate the funds from that sale.  Title to each property is clouded by various transfers by and through Mr. and Mrs. Weathers.

19. Mr. and Mrs. Weathers have taken several steps to use their nominees to reorganize their real estate holdings in an effort to avoid creditors, including the IRS. The properties are described in greater detail below:

**1465 Baltimore Ave. ("Property 1")**

20. The street address of Property 1 is 1465 Baltimore Ave. Longview, WA 98632. The legal description is as follows:

> LOTS 3, 4, 5, 6, AND 7, BLOCK 22, Central Manufacturing District NO. 2, According to the plat thereof recorded in Volume 6 of plats, page 44, records of said county. <u>EXCEPT</u> the southerly 7.5 feet of LOTS 3, 4, AND 7. SECT, TWN, RNG: 4-7-N-2W parcel: 02163. Situate in Cowlitz County, State of Washington.

United States' Complaint                      5

21. This property is a motel known as the Oregon Way Motor Court with an estimated fair market value of approximately $650,000.

22. On or around February 20, 1991, Mr. and Mrs. Weathers acquired Property 1 by statutory warranty deed from First Federal Savings Bank Northwest.

23. On or around March 27, 1996, Mr. and Mrs. Weathers conveyed Property 1 by quitclaim deed to T&K Weathers. The consideration is not specified except to note that it is "the mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

24. On or around November 2, 1998, T&K Weathers granted a trust deed with respect to Property 1 to Southwind in exchange for a stated encumbrance of $1.5 million.

25. On or around November 16, 2000, Southwind recorded an assignment of the trust deed to Financial Assistance.

26. On or around January 8, 2013, Mr. Weathers recorded a Satisfaction of Mortgage indicating the $1.5 million Southwind encumbrance was satisfied.

27. This purported mortgage granted to Southwind was a false debt.

28. On or Around January 8, 2013, T&K Weathers granted a deed of trust with respect to Property 1 to Wapiti Ventures for a stated encumbrance of $160,000.00.

29. On or around January 17, 2013, the IRS recorded a Certificate of Subordination to the Wapiti Ventures deed of trust.

30. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 1 and continued to enjoy the benefits of Property 1 including the receipt of income generated by the property.

United States' Complaint          6          **U.S. DEPARTMENT OF JUSTICE**

31. Thomas and/or Kathy Weathers are the true owners of Property 1.

### 232-236 26th Ave. ("Property 2")

32. The street address of Property 2 is 232-236 26th Ave. Longview, WA 98632.

    The legal description is as follows:

    > The northeasterly 5 feet of LOT 25 and all of LOT 26, BLOCK 23,
    > Highlands addition to Longview No. 1, according to the plat
    > thereof recorded in Volume 5 of plats, page 36, records of said
    > county. SECT, TWN, RNG: 5-7 N-2W parcel: 03590. Situate in
    > Cowlitz County, State of Washington.

33. Property 2 is two units in a duplex with an estimated fair market value of approximately $56,890.

34. On or around December 3, 1991, Mr. and Mrs. Weathers purchased Property 2 via real estate contract from Edgar and Betty Cutright for $38,000.

35. On or around July 8, 1996, Mr. and Mrs. Weathers granted a quitclaim deed with respect to Property 2 to T&K Weathers. The consideration is not specified except to note that it is "the mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

36. On or around November 2, 1998, a trust deed with respect to Property 2 was granted to Southwind by T&K Weathers in exchange for a stated encumbrance of $1.5 million.

37. On or around November 16, 2000, Southwind recorded an assignment of mortgage to Financial Assistance.

38. On or around February 4, 2011, Mr. Weathers recorded a statutory warranty deed in fulfillment of the real estate contract between Mr. and Mrs. Weathers and the Cutrights.

United States' Complaint      7      **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

39. On or around January 8, 2013, Mr. Weathers recorded a Satisfaction of Mortgage indicating the $1.5 million Southwind encumbrance was satisfied.

40. This purported mortgage granted to Southwind was a false debt.

41. On or around January 8, 2013, T&K Weathers granted a deed of trust with respect to Property 2 to Wapiti Ventures for a stated encumbrance of $160,000.

42. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 2 and continued to enjoy its benefits, including the receipt of income generated by Property 2.

43. On or around January 17, 2013, the IRS recorded a certificate of subordination to the Wapiti Ventures deed of trust.

44. Mr. and Mrs. Weathers are the true owners of Property 2.

### 1306 9th Ave. ("Property 3")

45. The street address of Property 3 is 1306 9th Ave. Longview, WA 98632. The legal description is as follows:

> LOTS 9 & 10 BLOCK 23, plat of Longview No. 7, according to the plat thereof recorded in Volume 6 of plats, page 14, records of said county. SECT, TWN, RNG: 34-8N-2W parcel: 00921. Situate in Cowlitz County, State of Washington.

46. Property 3 is hotel known as the Hudson Hotel with an estimated fair market value of approximately $194,800.

47. On or around July 20, 1989, Mr. and Mrs. Weathers acquired Property 3 by statutory warranty deed from Pam Plant, personal representative for the Estate of Claudia M. Miller.

United States' Complaint                      8                **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

48. On or around May 23, 1996, Mr. and Mrs. Weathers granted a quitclaim deed with respect to Property 3 to T&K Weathers. The consideration is not specified except to note that it is "the mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

49. On or around November 2, 1998, T&K Weathers granted a trust deed with respect to Property 3 to Southwind in exchange for a stated encumbrance of $1.5 million.

50. On or around November 16, 2000, Southwind recorded an assignment of mortgage to Financial Assistance.

51. On or around January 8, 2013, Mr. Weathers recorded a Satisfaction of Mortgage indicating the $1.5 million Southwind encumbrance was satisfied.

52. The purported mortgage granted to Southwind was a false debt.

53. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 3 and continued to enjoy its benefits, including receipt of income generated by Property 3.

54. On or around January 13, 2013, T&K Weathers granted a deed of trust with respect to Property 3 to Wapiti Ventures for a stated encumbrance of $160,000.

55. On or around January 17, 2013, the IRS recorded a Certificate of Subordination to the Wapiti Ventures deed of trust.

56. Mr. and Mrs. Weathers are the true owners of Property 3.

### Land adjacent to 1306 9th Ave. ("Property 4")

57. Property 4 is land adjacent to 1306 9th Ave. Longview, WA 98632. The legal description is as follows:

United States' Complaint                    9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

LOT 11, BLOCK 23, plat of Longview No. 7, according to the plat thereof recorded in Volume 6 of plats, page 14, records of said county. Situate in Cowlitz County, State of Washington.

58. Property 4 is a plot of land with an estimated fair market value of approximately $48,000.

59. On or around July 20, 1989, Mr. and Mrs. Weathers acquired Property 4 by statutory warranty deed from Pam Plant (as personal representative of the estate of Claudia M. Miller).

60. On or around May 23, 1996, Mr. and Mrs. Weathers granted a quitclaim deed with respect to Property 4 to T&K Weathers. The consideration is not specified except to note that it is "the mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

61. On or around November 2, 1998, T&K Weathers granted a trust deed with respect to Property 4 to Southwind in exchange for a stated encumbrance of $1.5 million.

62. On or around November 16, 2000, Southwind recorded an assignment of mortgage to Financial Assistance.

63. On or around January 8, 2013, Mr. Weathers recorded a Satisfaction of Mortgage indicating the $1.5 million Southwind encumbrance was satisfied.

64. This purported mortgage granted to Southwind was a false debt.

65. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 4 and continued to enjoy its benefits, including receipt of income generated by Property 4.

66. On or around January 13, 2013, T&K Weathers granted a deed of trust to Wapiti Ventures for a stated encumbrance of $160,000.00.

United States' Complaint          10          **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

67. On or around January 17, 2013, the IRS recorded a Certificate of Subordination to the Wapiti Ventures deed of trust.

68. Mr. and Mrs. Weathers are the true owners of Property 4.

### 1316 11th Ave. ("Property 5")

69. The street address Property 5 is 1316 11th Ave. Longview, WA 98632. The legal description is as follows:

> LOT 11, BLOCK 52, Longview No. 4, as recorded in Volume 5 of plats, page 39, SECT, TWN, RNG: 33-8n-2w Parcel: 00617. Records of Cowlitz County, State of Washington.

70. Property 5 is a hotel known as the Hudson Hotel Annex with an estimated fair market value of approximately $287,540.

71. It is unclear how Mr. and Mrs. Weathers originally acquired Property 5, though it was likely conveyed to Mr. and Mrs. Weathers around the same time, and in the same manner as Properties 3 and 4.

72. On or around May 23, 1996, Mr. and Mrs. Weathers granted a quitclaim deed with respect to Property 5 to T&K Weathers. The consideration is not specified except to note that it is "the mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

73. On or around November 2, 1998, T&K Weathers granted a trust deed with respect to Property 5 to Southwind in exchange for a stated encumbrance of $1.5 million.

74. On or around November 16. 2000, Southwind recorded an assignment of mortgage to Financial Assistance.

75. On or around January 8, 2013, Mr. Weathers recorded a Satisfaction of Mortgage indicating the $1.5 million Southwind encumbrance was satisfied.

76. This purported mortgage granted to Southwind was a false debt.

77. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 5 and continued to enjoy its benefits, including receipt of income generated by Property 5

78. On or around January 13, 2013, T&K Weathers Limited Partnership granted a deed of trust to Wapiti Ventures for a stated encumbrance of $160,000.

79. On or around January 17, 2013, The IRS recorded a certificate of subordination for the Wapiti Ventures deed of trust.

80. Mr. and Mrs. Weathers are the true owners of Property 5.

### 2111 42nd Ave. ("Property 6")

81. The street address of Property 6 is 2111 42nd Ave. Longview, WA 98632. The legal description is as follows:

> The northeasterly 132 feet of LOT 14, BLOCK 33, Columbia
> Valley Gardens No. 4, to Longview, according to the plat thereof
> recorded in volume 7 of plats, page 14, SECT, TWN, RNG: 24-
> 8N-3W Parcel: 03122 records of Cowlitz County, Washington.
> Situate in the County of Cowlitz, State of Washington.

82. Property 6 is a single-family residence with an estimated fair market value of $103,800.

83. On or around January 31, 1995, Marlene Bennett conveyed Property 6 by real estate contract to Leland and Angela Cook.

84. On or around July 8, 1996, the Cooks assigned the real estate contract to Mr. and Mrs. Weathers.

85. That same day Mr. and Mrs. Weathers granted their interest to Property 6 via quitclaim deed to T&K Weathers. The consideration is not specified except to note that it is "the

United States' Complaint                    12                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-2182

mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

86. On or around November 2, 1998, T&K Weathers granted a trust deed with respect to Property 6 to Southwind in exchange for a stated encumbrance of $1.5 million.

87. On or around November 16, 2000, Southwind recorded an assignment of mortgage to Financial Assistance.

88. The purported mortgage granted to Southwind is a false debt.

89. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 6 and continued to enjoy its benefits, including receipt of income generated by Property 6.

90. Marlene Bennett appears to retain some interest in the property since the original real estate contract has not been satisfied. Her name, along with T&K Weathers, is listed on the 2018 property tax bill for the property.

91. On April 22, 2015, Marlene Bennett recorded a quitclaim deed which purported to deed Property 6 to the Marlene M. Bennett Revocable Living Trust.

92. Mr. and Mrs. Weathers are the true owners of any interest in Property 6 that they may have conveyed to their nominees.

### Land Adjacent to 2111 42nd Ave. ("Property 7")

93. Property 7 is bare land adjacent to 2111 42nd Ave. Longview, WA 98632. The legal description is as follows:

> LOT 3 of short subdivision No. 77-113, as recorded in volume 2 of short plats, page 99, under auditor's file No. 825681, being a portion of the southwesterly 198 feet of LOT 14, BLOCK 33, Columbia Valley Gardens No. 4, as recorded in volume 7 of plats, page 14, SECT, TWN, RNG: 24-8N-3W short plat CC-02099 fee

United States' Complaint                    13

number 823381 parcel: 0312302 records of said county. Situate in Cowlitz County, State of Washington.

94. This property is a plot of land with an estimated market value of $52,630.

95. On or around June 27, 1994, Mr. and Mrs. Weathers acquired Property 7 by real estate contract from Dan W. Hiebert as trustee of the Klein trust.

96. On or around May 23, 1996, Mr. and Mrs. Weathers granted a quitclaim deed to Property 7 to TKW. The consideration is not specified except to note that it is "the mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

97. On or around November 2, 1998, TKW granted a mortgage to Mountain Peak in exchange for a stated encumbrance of $2 million.

98. This purported mortgage granted to Mountain Peak is a false debt.

99. On or around October 31, 2000, Mr. and Mrs. Weathers recorded a statutory warranty deed from Dan W. Hiebert satisfying the terms of the original real estate contract.

100. On or around November 3, 2000, TKW recorded a "Real Property Bill of Exchange Contract and Agreement" between itself and Netfunding wherein TKW grants Netfunding its entire interest in Property 7.

101. The purported consideration paid by Netfunding to TKW was $1,000.

102. Mr. Weathers signed the November 3, 2000, contract on behalf of both TKW and Netfunding.

103. On or around November 13, 2000, a warranty deed was recorded in Cowlitz County wherein TKW purportedly granted the property to Netfunding, Inc. in exchange for "(21) Liberty u.S.A. [sic] Silver Dollars, plus corporate notes of undetermined value."

United States' Complaint                     14                     **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

104. On or around November 16, 2000, Mountain Peak recorded an Assignment of Mortgage to Financial Assistance.

105. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 7 and continued to enjoy its benefits, including receipt of income generated by Property 7.

106. Mr. and Mrs. Weathers are the true owners of Property 7.

### 603 Academy St. ("Property 8")

107. The street address of Property 8 is 603 Academy St. Kelso, WA 98626. The legal description is as follows:

> The west 33 1/3 feet of LOT 7, BLOCK 29, the New Town of Kelso, according to the plat thereof recorded in volume 3 of plats, page 12, SECT, TWN, RNG: 26-8N-2W Parcel: 20197 records of said county. Situate in Cowlitz County, State of Washington.

108. Property 8 is a duplex with an estimated fair market value of $62,590.

109. On or around April 8, 1990, Mr. and Mrs. Weathers acquired Property 8 from Steven M. Paul by statutory warranty deed.

110. On or around May 23, 1996, Thomas and Kathy Weathers granted a quitclaim deed to Property 8 to T&K Weathers. The consideration is not specified except to note that it is "the mutual covenants and conveyances contained herein, which are for purposes of estate planning, and consist of value wholly other than of cash."

111. On or around November 2, 1998, T&K Weathers granted a trust deed with respect to Property 8 to Southwind in exchange for a stated encumbrance of $1.5 million.

112. On or around November 16, 2000, Southwind recorded an assignment of mortgage to Financial Assistance.

United States' Complaint       15       **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

113. On or around January 8, 2013, Mr. Weathers recorded a Satisfaction of Mortgage indicating the $1.5 million Southwind encumbrance was satisfied.

114. This purported mortgage to Southwind was a false debt.

115. Despite these purported conveyances and encumbrances, Mr. and Mrs. Weathers retained possession of Property 8 and continued to enjoy its benefits, including receipt of income generated by Property 8.

116. On. January 13, 2013, T&K Weathers granted a deed of trust with respect to Property 8 to Wapiti Ventures for a stated encumbrance of $160,000.

117. On January 17, 2013, the IRS recorded a certificate of subordination for the Wapiti Ventures deed of trust.

118. Mr. and Mrs. Weathers are the true owners of Property 8.

### 605 Academy St. ("Property 9")

119. The street address of Property 9 is 605 Academy St. Kelso WA 98626. The legal description is as follows:

> LOT 7, EXCEPT the west 33 1/3 feet, and LOT 8, EXCEPT the east 33 1/3 feet, BLOCK 29, the New Town of Kelso, according to the plat thereof recorded in volume 3 of plats, page 11, SECT, TWN, RNG: 26-8N-2W Parcel: 20198. Records of Cowlitz County, State of Washington. Situate in the County of Cowlitz, State of Washington.

120. Property 9 is a single-family residence with an estimated fair market value of $104,910.

121. On or around August 18, 2010, Mr. Weathers signed a real estate purchase agreement to purchase Property 9 from Jason and Heather Schoonover.

122. Not long after signing the purchase agreement, Mr. Weathers caused the contract to be assigned to Precision.

United States' Complaint                16                **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

123. On October 21, 2010, a statutory warranty deed was recorded purporting to grant Property 9 to Precision. The Grantors are listed as Jason and Heather Schoonover.

124. That same day, a deed of trust with respected to Property 9 was recorded between Precision and Jason and Heather Schoonover.

125. Rockwell Naron, a longtime employee of Mr. and Mrs. Weathers, signed the Deed of Trust as "President" of Precision.

126. Mr. and Mrs. Weathers directed Naron and Precision to purchase Property 9 on their behalf.

127. Precision holds the property as the nominee and/or alter ego of Mr. and Mrs. Weathers.

128. Based upon information and belief, Mr. and Mrs. Weathers retain control of Property 9 as well as the benefits of ownership, including receipt of income generated by Property 9.

129. Mr. and Mrs. Weathers are the true owners of Property 9.

### The Belize Property

130. The street address of this property is San Telmo #1 San Pedro, Ambergris Caye Belize, Central America.

131. Upon information and belief, the Belize Property is a 2 bedroom 2 bathroom unit approximately 1250 square feet in size.

132. This property has an estimated fair market value of $300,000.

133. The listed owner of the Belize Property is Coral Management, a nominee of Mr. and Mrs. Weathers.

United States' Complaint                    17                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

# FEDERAL TAX LIABILITIES

## Thomas Weathers' Liabilities

134. Mr. Weathers has outstanding tax liabilities stemming from his failure to pay income tax assessed for the 1998 through 2006 tax years.

135. These liabilities were timely assessed by a duly authorized delegate of the Secretary of the Treasury.

136. The amounts due, with interest and statutory penalties through January 15, 2018, are listed in the table below:

| Thomas Weathers Tax Liabilities – Computed Through January 15, 2018 | | | | |
|---|---|---|---|---|
| Tax Type | Tax Year | Assessment Date | Assessment Amount | Outstanding balance including tax, penalties, credit for payments and interest as of 1/15/2018 |
| 1040A | 1998 | 10/04/2010 " " " " 11/29/2010 11/10/2014 | $14,832.00 (Failure to Pay Penalty) $2,692.79 (Penalty for not pre-paying tax) $43,012.80 (Misc. Penalty) $59,328.00 (Tax Assessed) $108,380.52 (Interest) $349.00 (Collection Fees) $207.00 (Collection Fees) | $284,492.35 |
| 1040A | 1999 | 10/04/2010 " " " " | $19,085.75 (Failure to Pay Penalty) $3,666.53 (Penalty for not pre-paying tax) $55,348.68 (Misc. Penalty) $76,343.00 (Tax Assessed) $118,476.86 (Interest) | $348,272.55 |
| 1040A | 2000 | 10/04/2010 " " " " | $18,543.50 (Failure to Pay Penalty) $3,989.45 (Penalty for not pre-paying tax) $53,776.15 (Misc. Penalty) $74,174.00 (Tax Assessed) $93,594.00 (Interest) | $311,465.26 |

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

| 1040A | 2001 | 10/04/2010 | $18,870.00 | (Failure to Pay Penalty) | |
| | | " | $3,016.48 | (Penalty for not pre-paying tax) | |
| | | " | $54,723.00 | (Misc. Penalty) | |
| | | " | $75,480.00 | (Tax Assessed) | |
| | | " | $80,861.65 | (Interest) | |
| | | | | | $291,467.48 |
| 1040A | 2002 | 10/04/2010 | $17,059.25 | (Failure to Pay Penalty) | |
| | | " | $2,280.29 | (Penalty for not pre-paying tax) | |
| | | " | $49,471.83 | (Misc. Penalty) | |
| | | " | $68,237.00 | (Tax Assessed) | |
| | | " | $62,508.73 | (Interest) | |
| | | | | | $254,653.54 |
| 1040A | 2003 | 12/31/2012 | $3,166.50 | (Late Filing Penalty) | |
| | | " | $2,533.20 | (Underpayment Penalty) | |
| | | " | $13,666.00 | (Tax Assessed) | |
| | | " | $10,525.67 | (Interest) | |
| | | 03/11/2013 | $1,161.00 | (Collection Fees) | |
| | | | | | $38,749.57 |
| 1040A | 2004 | 03/28/2011 | $2,868.00 | (Tax Assessed) | |
| | | " | $1,201.31 | (Interest) | |
| | | " | $718.00 | (Failure to Pay Penalty) | |
| | | 06/06/2011 | $4,394.50 | (Late Filing Penalty) | |
| | | 12/31/2012 | $2,942.00 | (Underpayment Penalty) | |
| | | " | $14,710.00 | (Tax Assessed) | |
| | | | | | $47,915.46 |
| 1040A | 2005 | 12/31/2012 | $4,452.75 | (Late Filing Penalty) | |
| | | 12/31/2012 | $3,562.20 | (Underpayment Penalty) | |
| | | 12/31/2012 | $17,811.00 | (Tax Assessed) | |
| | | 12/31/2012 | $10,033.38 | (Interest) | |
| | | | | | $46,920.86 |
| 1040 | 2006 | 04/25/2011 | $7,901.00 | (Tax Assessed) | |
| | | 04/25/2011 | $243.77 | (Penalty for not pre-paying tax) | |
| | | 04/25/2011 | $1,777.72 | (Late Filing Penalty) | |
| | | 04/25/2011 | $1,935.74 | (Failure to Pay Penalty) | |
| | | 04/25/2011 | $2,256.29 | (Interest) | |
| | | 12/31/2012 | $5,933.25 | (Late Filing Penalty) | |
| | | 12/31/2012 | $4,752.60 | (Underpayment Penalty) | |
| | | 12/31/2012 | $23,763.00 | (Tax Assessed) | |
| | | | | | $76,654.53 |
| | | | | **TOTAL** | **$1,706,591.60** |

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

137. Mr. Weathers' liabilities for the 1998, 1999, 2000, 2001, and 2002 tax years were adjudicated in the U.S. Tax Court. On August 2, 2010, the United States Tax Court dismissed Mr. Weathers' petition on his own motion to dismiss because Mr. Weathers was concerned that "the petition would be determined to be frivolous and that he could possibly be sanctioned." *See* Ex. A., Order in *Weathers v. Comm'r*, No. 30180-08 (U.S. Tax Court).

138. The Tax Court found that Mr. Weathers was liable for the following deficiencies and penalties:

| Year | Deficiency | Failure to File Penalty | Fraud Penalty | Failure to Pay Penalty |
|------|-----------|-------------------------|---------------|------------------------|
| **1998** | $59,328.00 | $14,832.00 | $43,012.80 | $2,692.79 |
| **1999** | $76,343.00 | $19,085.75 | $55,348.68 | $3,666.53 |
| **2000** | $74,174.00 | $18,543.00 | $53,776.15 | $3,989.45 |
| **2001** | $75,480.00 | $18,870.00 | $54,723.00 | $3,016.48 |
| **2002** | $68,237.00 | $17,059.25 | $49,471.83 | $2,280.29 |

139. The Tax Court's ruling can no longer be appealed and is final.

140. On November 1, 2012, Mr. Weathers signed a Form 4089-c, Notice of Deficiency-Waiver, wherein he agreed to the tax assessments for the 2004 and 2006 tax years.

141. On November 1, 2012, Mr. Weathers signed a Form 4089-c, Notice of Deficiency-Waiver, wherein he agreed to the tax assessments for the 2005 tax year.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

**Kathy Weathers' Liabilities**

142. Mrs. Weathers has outstanding tax liabilities stemming from her failure to pay income tax assessed for the 1998 through 2006 tax years.

143. These liabilities were timely assessed by a duly authorized delegate of the Secretary of the Treasury.

144. The amounts due, with interest and statutory penalties through January 15, 2018, are listed in the table below:

| Kathy J. Weathers Tax Liabilities – Computed Through January 15, 2018 | | | | |
|---|---|---|---|---|
| Tax Type | Tax Year | Assessment Date | Assessments Amount | Outstanding balance including tax, penalties, credit for payments and interest as of 1/15/2018 |
| 1040 | 1998 | 11/19/2007<br>"<br>"<br>"<br>12/27/2010<br>"<br>03/07/2011 | $2,543.00      (Tax Assessed)<br>$572.17        (Late Filing Penalty)<br>$635.75        (Failure to Pay Penalty)<br>$2,449.99      (Interest)<br>$42,556.50    (Fraud Penalty)<br>$56,742.00    (Tax Assessed)<br>$349.00        (Collection Fees) | $231,745.10 |
| 1040 | 1999 | 11/19/2007<br>"<br>"<br>"<br>"<br>12/27/2010<br>" | $2,543.00      (Tax Assessed)<br>$122.12        (Penalty for not pre-paying tax)<br>$572.17        (Late Filing Penalty)<br>$635.75        (Failure to Pay Penalty)<br>$2,019.21      (Interest)<br>$54,107.25    (Fraud Penalty)<br>$72,486.00    (Tax Assessed) | $328,806.20 |

United States' Complaint                    21

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

| 1040 | 2000 | 11/19/2007 | $2,967.00 | (Tax Assessed) | |
| | | " | $123.13 | (Penalty for not pre-paying tax) | |
| | | " | $667.57 | (Late Filing Penalty) | |
| | | " | $741.75 | (Failure to Pay Penalty) | |
| | | " | $1,825.61 | (Interest) | |
| | | 12/27/2010 | $53,405.25 | (Fraud Penalty) | |
| | | " | $71,207.00 | (Tax Assessed) | $298,962.53 |
| 1040 | 2001 | 11/19/2007 | $3,302.00 | (Tax Assessed) | |
| | | " | $128.04 | (Penalty for not pre-paying tax) | |
| | | " | $742.95 | (Late Filing Penalty) | |
| | | " | $825.50 | (Failure to Pay Penalty) | |
| | | " | $1,644.15 | (Interest) | |
| | | 12/27/2010 | $54,358.50 | (Penalty for Fraud) | |
| | | " | $72,478.00 | (Tax Assessed) | $286,949.53 |
| 1040 | 2002 | 11/19/2007 | $3,092.00 | (Tax Assessed) | |
| | | " | $103.33 | (Penalty for not pre-paying tax) | |
| | | " | $695.70 | (Late Filing Penalty) | |
| | | " | $773.00 | (Failure to Pay Penalty) | |
| | | " | $1,243.82 | (Interest) | |
| | | 12/27/2010 | $48,858.75 | (Penalty for Fraud) | |
| | | " | $65,145.00 | (Tax Assessed) | $244,897.62 |
| 1040 | 2003 | 11/19/2007 | $3,269.00 | (Tax Assessed) | |
| | | " | $735.52 | (Late Filing Penalty) | |
| | | " | $657.80 | (Failure to Pay Penalty) | |
| | | " | $1,080.51 | (Interest) | $8,605.88 |
| 1040 | 2004 | 11/05/2007 | $2,960.00 | (Tax Return Filed) | |
| | | " | $666.00 | (Late Filing Penalty) | |
| | | " | $458.80 | (Failure to Pay Penalty) | |
| | | " | $750.00 | (Interest) | |
| | | 12/31/2007 | $236.56 | (Collection Fees) | |
| | | 01/02/2012 | $701.00 | (Collection Fees) | |
| | | 11/10/2014 | $126.00 | (Collection Fees) | |
| | | 12/18/2017 | $1,248.00 | (Collection Fees) | |
| | | " | $2,377.00 | (Collection Fees) | $12,391.31 |
| 1040 | 2005 | 11/05/2007 | $2,905.00 | (Tax Assessed) | |
| | | " | $116.53 | (Penalty for not pre-paying tax) | |
| | | " | $653.62 | (Late Filing Penalty) | |
| | | " | $275.97 | (Failure to Pay Penalty) | |
| | | " | $436.67 | (Interest) | $6,923.57 |

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

| 1040 | 2006 | 11/12/2007 | $11,464.00 | (Tax Assessed) | |
| | | " | $2,579.40 | (Late Filing Penalty) | |
| | | " | $372.36 | (Failure to Pay Penalty) | |
| | | " | $664.63 | (Interest) | |
| | | | | | $24,707.62 |
| | | | | **TOTAL** | **$1,443,989.36** |

145. Mrs. Weathers' liabilities for tax years 1998, 1999, 2000, 2001, and 2002 were adjudicated in the U.S. Tax Court. On August 3, 2010, the United States Tax Court dismissed Mrs. Weathers' petition on her own motion to dismiss because she was concerned that "the petition would be determined to be frivolous and that she could possibly be sanctioned." *See* Ex. B., Order in *Weathers v. Comm'r*, No. 30136-08 (U.S. Tax Court). The Court found "that there are deficiencies in income tax and a fraud penalty under [26 U.S.C. §] 6663 due from petitioner for the taxable years 1998 through 2002." *Id.*

146. The Tax Court found that Mrs. Weathers was liable for the following deficiencies and penalties:

| Year | Deficiency | Fraud Penalty |
|------|------------|---------------|
| **1998** | $56,742.00 | $42,556.50 |
| **1999** | $72,486.00 | $54,107.25 |
| **2000** | $71,207.00 | $53,405.25 |
| **2001** | $72,478.00 | $54,358.50 |
| **2002** | $65,145.00 | $48,858.75 |

147. The Tax Court's ruling can no longer be appealed and is final.

United States' Complaint                          23

**Joint Liabilities of Mr. and Mrs. Weathers**

148. Following their conviction for tax evasion related to the 1996 tax year, *see United States v Weathers*, 3:04-cr-05487-FDB (W.D. Wash.), Mr. and Mrs. Weathers began filing joint tax returns.

149. Mr. and Mrs. Weathers have outstanding tax liabilities stemming from their failure to pay income tax assessed for the 2007 through 2011 tax years.

150. These liabilities were timely assessed by a duly authorized delegate of the Secretary of the Treasury.

151. The amounts due, with interest and statutory penalties through January 15, 2018, are listed in the table below:

| Weathers Joint Tax Liabilities – Computed Through January 15, 2018 | | | | |
|---|---|---|---|---|
| Tax Type | Tax Year | Assessment Date | Assessments Amount | Outstanding balance including tax, penalties, credit for payments and interest as of 1/15/2018 |
| 1040A | 2007 | 09/26/2011 " 12/31/2012 " " | $110,322.00 (Tax Assessed)<br>$17,800.02 (Interest)<br>$31,701.00 (Late Filing Penalty)<br>$3,296.40 (Underpayment Penalty)<br>$16,482.00 (Tax Assessed) | $262,677.38 |

United States' Complaint                    24

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

| | | | | | |
|---|---|---|---|---|---|
| 1040A | 2008 | 05/23/2011 | $7,268.00 | (Tax Assessed) | |
| | | " | $516.53 | (Interest) | |
| | | " | $788.84 | (Failure to Pay Penalty) | |
| | | 07/11/2011 | $349.00 | (Collection Fees) | |
| | | 12/31/2012 | $5,333.75 | (Late Filing Penalty) | |
| | | 12/31/2012 | $3,053.40 | (Underpayment penalty) | |
| | | 12/31/2012 | $15,267.00 | (Tax Assessed) | |
| | | | | | $46,110.29 |
| 1040 | 2009 | 04/04/2011 | $1,603.00 | (Tax Assessed) | |
| | | " | $360.67 | (Late Filing Penalty) | |
| | | " | $96.18 | (Failure to Pay Penalty) | |
| | | " | $72.64 | (Interest) | |
| | | 11/21/2011 | $446.00 | (Tax Assessed) | |
| | | " | $412.00 | (Collection Fees) | |
| | | " | $59.53 | (Late Filing Penalty) | |
| | | 12/31/2012 | $2,265.50 | (Late Filing Penalty) | |
| | | " | $1,812.40 | (Underpayment penalty) | |
| | | " | $9,416.00 | (Tax Assessed) | |
| | | | | | $22,511.59 |
| 1040 | 2010 | 05/30/2011 | $20,201.00 | (Tax Assessed) | |
| | | " | $186.83 | (Failure to Pay Penalty) | |
| | | " | $92.41 | (Interest) | |
| | | | | | $28,131.74 |
| 1040 | 2011 | 06/04/2012 | $7,644.00 | (Tax Assessed) | |
| | | " | $48.49 | (Failure to Pay Penalty) | |
| | | " | $19.91 | (Interest) | |
| | | 08/06/2012 | $250.00 | (Collection Fees) | |
| | | | | | $7,388.19 |
| | | | | **TOTAL** | **$366,819.19** |

### TKW Limited Partnership ("TKW")

152. As a condition to his being released from prison, Mr. Weathers, a general partner for TKW, agreed to file partnership returns for TKW for the 1998 through 2002, 2006, and 2011 tax years.

United States' Complaint                 25

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

153. These tax returns were filed delinquent, without reasonable cause, and TKW was assessed late filing penalties.

154. These penalties were timely assessed by a duly authorized delegate of the Secretary of the Treasury.

155. The amounts due, with interest and statutory penalties through January 15, 2018, are listed in the table below:

| TKW Limited Partnership Tax Liabilities – Computed Through January 15, 2018 | | | | | |
|---|---|---|---|---|---|
| <u>Tax Type</u> | <u>Tax Year</u> | <u>Assessment Date</u> | <u>Assessments Amount</u> | | <u>Outstanding balance including tax, penalties, credit for payments and interest as of 1/15/2018</u> |
| 1065 | 1998 | 12/13/2010<br>11/10/2014 | $1,500.00<br>$195.97 | (Late Filing Penalty)<br>(Interest) | $1,899.50 |
| 1065 | 1999 | 12/06/2010<br>03/21/2011<br>05/16/2011<br>11/10/2011 | $1,500.00<br>$20.00<br>$329.00<br>$242.28 | (Late Filing Penalty)<br>(Collection Fees)<br>(Collection Fees)<br>(Interest) | $2,401.62 |
| 1065 | 2001 | 12/06/2010<br>11/10/2014 | $1,500.00<br>$197.27 | (Late Filing Penalty)<br>(Interest) | $1,900.96 |
| 1065 | 2002 | 12/13/2010<br>11/10/2014 | $1,500.00<br>$195.97 | (Late Filing Penalty)<br>(Interest) | $1,899.50 |
| 1065 | 2006 | 12/06/2010<br>11/10/2014 | $1,500.00<br>$197.27 | (Late Filing Penalty)<br>(Interest) | $1,900.96 |
| 1065 | 2011 | 08/27/2012<br>10/08/2012<br>11/10/2014 | $1,170.00<br>$244.00<br>$95.77 | (Late Filing Penalty)<br>(Collection Fees)<br>(Interest) | $1,690.98 |
| | | | | **TOTAL** | **$11,693.52** |

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

**T&K Weathers Limited Partnership ("T&K Weathers")**

156. As a condition to his being released from prison, Mr. Weathers, a general partner for

    T&K Weathers, agreed to file partnership returns for T&K Weathers for the 1999 through

    2002 and 2006 through 2011 tax years.

157. These tax returns were filed delinquent, without reasonable cause, and T&K Weathers

    was assessed late filing penalties.

158. These penalties were timely assessed by a duly authorized delegate of the Secretary of

    the Treasury.

159. The amounts due, with interest and statutory penalties through January 15, 2018, are

    listed in the table below:

| T&K Weathers Limited Partners Tax Liabilities – Computed Through January 15, 2018 | | | | |
|---|---|---|---|---|
| Tax Type | Tax Year | Assessment Date | Assessments Amount | Outstanding balance including tax, penalties, credit for payments and interest as of 1/15/18 |
| 1065 | 1999 | 12/13/2010 11/10/2014 | $1,500.00 (Late Filing Penalty) $172.40 (Interest) | $1,704.24 |
| 1065 | 2000 | 12/13/2010 11/10/2014 | $1,500.00 (Late Filing Penalty) $195.97 (Interest) | $1,899.50 |
| 1065 | 2001 | 12/13/2010 11/10/2014 | $1,500.00 (Late Filing Penalty) $195.97 (Interest) | $1,899.50 |
| 1065 | 2002 | 12/20/2010 11/10/2014 | $1,500.00 (Late Filing Penalty) $188.85 (Interest) | $1,898.08 |
| 1065 | 2006 | 12/26/2011 02/06/2012 11/10/2014 | $1,500.00 (Late Filing Penalty) $349.00 (Collection fees) $165.19 (Interest) | $2,255.93 |

United States' Complaint      27

| 1065 | 2007 | 4/09/2012<br>11/10/2014 | $6,120.00<br>$551.05 | (Late Filing Penalty)<br>(Interest) | |
| | | | | | $7,471.69 |
| 1065 | 2008 | 04/09/2012<br>07/16/2012<br>11/10/2014 | $6,480.00<br>$70.00<br>$527.98 | (Late Filing Penalty)<br>(Collection Fees)<br>(Interest) | |
| | | | | | $7,927.46 |
| 1065 | 2011 | 08/27/2012<br>10/08/2012<br>11/10/2014 | $1,170.00<br>$244.00<br>95.77 | (Late Filing Penalty)<br>(Collection Fees)<br>(Interest) | |
| | | | | | $1,690.98 |
| **TOTAL** | | | | | **$26,747.38** |

## FEDERAL TAX LIENS

160. Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments against Mr. Weathers in Paragraph 136, above, and attached to all property and rights to property belonging to him.

161. The table below notes the dates, location, and corresponding tax years for the Notices of Federal Tax Liens ("NFTLs") that were filed with the Cowlitz County Auditor against Mr. Weathers:

| NFTLS Recorded Against Thomas Weathers | |
| --- | --- |
| Date Recorded | Tax Years |
| 11/5/2010 | 1998-2002 |
| 5/27/2011 | 2004, 2006 |
| 2/15/2013 | 2003, 2005 |
| 2/15/2013 | 2004, 2006 |

162. Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments against Mrs. Weathers in Paragraph 144, above, and attached to all property and rights to property belonging to her.

United States' Complaint 28

163. The table below notes the dates, location, and corresponding tax years for the NFTLs that were filed with the Cowlitz County Auditor against Mrs. Weathers:

| NFTLS Recorded Against Kathy Weathers | |
|---|---|
| Date Recorded | Tax Years |
| 12/10/2007 | 1998-2006 |
| 2/11/2011 | 1998-2002 |
| 11/17/2017 (Refile of 12/10/2007 lien) | 1999-2006 |

164. Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments of the joint liabilities of Mr. and Mrs. Weathers in Paragraph 151, above, and attached to all property and rights to property belonging to each.

165. The table below notes the dates, location, and corresponding tax years for the NFTLs that were filed in with the Cowlitz County Auditor against Mr. and Mrs. Weathers, jointly:

| NFTLs Recorded Against Thomas and Kathy Weathers | |
|---|---|
| Dated Recorded | Tax Year |
| 5/17/2011 | 2009 |
| 6/9/2011 | 2008 |
| 10/28/2011 | 2007 |
| 2/15/2013 | 2007-2009 |

166. Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments against TKW in Paragraph 155, above, and attached to all property and rights to property belonging to it.

167. The table below notes the dates, location, and corresponding tax years for the NFTLs that were filed with the Cowlitz County Auditor against TKW:

| NFTLs Recorded Against TKW | |
|---|---|
| Dated Recorded | Tax Year |
| 4/22/2011 | 1998-2002, 2006 |
| 9/19/2012 | 2011 |

United States' Complaint                    29

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

168. Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments against T&K Weathers in Paragraph 159, above, and attached to all property and rights to property belonging to it.

169. The table below notes the dates, location, and corresponding tax years for the NFTLs that were filed with the Cowlitz County Auditor against T&K Weathers:

| NFTLs Filed Against T&K Weathers | |
|---|---|
| Date Recorded | Tax Year |
| 4/22/2011 | 1998-2002 |
| 1/17/2012 | 2006-2007 |
| 9/19/2012 | 2011 |

### Notices of Federal Tax Liens for Nominees and/or Alter Egos

170. Mr. and Mrs. Weathers use a number of nominees, alter egos, and shell entities to evade creditors, including the IRS. These entities include T&K Weathers, TKW, Precision, Netfunding, Mountain Peak, Southwind, Coral Management, and Financial Assistance, among others.

171. The IRS filed the following nominee liens with the Cowlitz County Auditor:

| NOMINEE LIENS | | | | |
|---|---|---|---|---|
| Nominee | Taxpayer | Date Recorded | Properties | Tax Years |
| Netfunding | Joint | 12/5/2011 | 7 | 1996, 2007-2010 |
| Netfunding | Kathy Weathers | 12/5/2011 | 7 | 1998-2006 |
| Netfunding | Thomas Weathers | 12/5/2011 | 7 | 1998-2006 |
| Precision | Joint | 12/5/2011 | 9 | 1996, 2007-2010 |
| Precision | Kathy Weathers | 12/5/2011 | 9 | 1998-2006 |
| Precision | Thomas Weathers | 12/5/2011 | 9 | 1998-2006 |
| T&KW | Kathy Weathers | 5/14/2008 | 1,2,3,5,6,8 | 1998-2006 |
| T&KW | Kathy Weathers | 5/14/2009 | 1,2,3,5,6,8 | 1998-2006 |
| T&KW | Thomas Weathers | 12/5/2011 | 1,2,3,5,6,8 | 1998-2006 |
| T&KW | Joint | 12/5/2011 | 1,2,3,5,6,8 | 2007-2010 |
| T&KW | Kathy Weathers | 11/20/2017* | 1,2,3,5,6,8 | 1999-2006 |

United States' Complaint 30

172. Mr. and Mrs. Weathers have been involved in previous litigation related to their nominees and shell entities. *See 911 Management, LLC v. United States*, 657 F. Supp.2d 1186 (D. Or. 2009).

## COUNT 1
**Reduce to Judgment Unpaid Federal Tax Assessments Against Thomas Weathers for the 1998 through 2006 tax years**

173. The United States incorporates by reference the allegations of Paragraphs 1-172, above, as if fully set forth here.

174. Despite proper notice and demand for payment of the tax liabilities in Paragraph 136, Mr. Weathers has neglected, failed or refused to make full payment of the assessed amounts to the United States and there remains due and owing on said assessments the sum of $1,706,591.60, as calculated through January 15, 2018.

175. The United States is entitled to a judgment finding that Mr. Weathers is liable for the full amount of this liability.

## COUNT 2
**Reduce to Judgment Unpaid Federal Tax Assessments Against Kathy J. Weathers for the tax years 1998 through 2006**

176. The United States incorporates by reference the allegations of Paragraphs 1-175, above, as if fully set forth here.

177. Despite proper notice and demand for payment of the tax liabilities in Paragraph 144, Mrs. Weathers has neglected, failed or refused to make full payment of the assessed amounts to the United States and there remains due and owing on said assessments the sum of $1,443,989.36, as calculated through January 15, 2018.

178. The United States is entitled to a judgment finding that Mrs. Weathers is liable for the full amount of this liability.

United States' Complaint                    31

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

### COUNT 3
### Reduce to Judgment Unpaid Federal Taxes Jointly Assessed against Thomas and Kathy Weathers for 2007 through 2011 tax years

179. The United States incorporates by reference the allegations of Paragraphs 1-178, above, as if fully set forth here.

180. Despite proper notice and demand for payment of the tax liabilities in Paragraph 151, Mr. and Mrs. Weathers have neglected, failed or refused to make full payment of the assessed amounts to the United States and there remains due and owing on said assessments the sum of $366,819.19, as calculated through January 15, 2018.

181. The United States is entitled to a judgment finding that Mr. and Mrs. Weathers are jointly liable for the full amount of this liability.

### COUNT 4
### Reduce to Judgment Unpaid Federal Tax Assessments Against TKW for the 1998, 1999, 2001, 2002, 2006 and 2011 tax years

182. The United States incorporates by reference the allegations of Paragraphs 1-181, above, as if fully set forth here.

183. Despite proper notice and demand for payment of the tax liabilities in Paragraph 155, TKW has neglected, failed or refused to make full payment of the assessed amounts to the United States and there remains due and owing on said assessments the sum of $11,693.52, as calculated through January 15, 2018.

184. The United States is entitled to a judgment finding that TKW is liable for the full amount of this liability.

United States' Complaint                    32                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

**COUNT 5**
**Reduce to Judgment Unpaid Federal Tax Assessments against T&K Weathers for the 1999, 2000, 2001, 2002, 2006, 2007, 2008 and 2011 tax years**

185. The United States incorporates by reference the allegations of Paragraphs 1-184, above, as if fully set forth here.

186. Despite proper notice and demand for payment of the tax liabilities in Paragraph 159, T&K Weathers has neglected, failed or refused to make full payment of the assessed amounts to the United States and there remains due and owing on said assessments the sum of $26,747.38, as calculated through January 15, 2018.

187. The United States is entitled to a judgment finding that T&K Weathers is liable for the full amount of this liability.

**COUNT 6**
**Foreclose Federal Tax Liens on Property 1, currently held by T&K Weathers, as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property**

188. The United States incorporates by reference the allegations of Paragraphs 1-187, above, as if fully set forth here.

189. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

190. T&K Weathers paid little to no consideration for any transfer of interest in Property 1.

191. Mr. Weathers and/or Mrs. Weathers attempted to place Property 1 in the name of T&K Weathers in anticipation of litigation or other liabilities.

192. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers.

United States' Complaint                    33                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

193. Mr. and Mrs. Weathers have retained possession and control of Property 1 after executing the May 23, 1996, quitclaim deed purporting to convey Property 1 to T&K Weathers.

194. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 1 after executing the May 23, 1996, quitclaim deed, including the receipt of rental and other income generated by the property.

195. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 1.

196. Further, any transfer of interest in Property 1 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*[1], because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

197. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 1 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

198. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

---

[1] Unless specified, references to the Uniform Fraudulent Transfer Act refer to the version effective to July 22, 2017.

United States' Complaint                    34

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

199. Therefore, the United States' federal tax liens attach to Property 1, notwithstanding any purported transfer of interest to T&K Weathers.

200. The United States' federal tax liens have priority over all interests in Property 1 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

201. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 1 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

## COUNT 7
**Foreclose Federal Tax Liens on Property 2, currently held by T&K Weathers as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property**

202. The United States incorporates by reference the allegations of Paragraphs 1-201, above, as if fully set forth here.

203. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

204. T&K Weathers paid little to no consideration for any transfer of interest in Property 2.

205. Mr. Weathers and/or Mrs. Weathers attempted to place Property 2 in the name of T&K Weathers in anticipation of litigation or other liabilities.

206. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers.

United States' Complaint                    35

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

207. Mr. and Mrs. Weathers have retained possession and control of Property 2 after executing the July 8, 1996, quitclaim deed purporting to convey Property 2 to T&K Weathers.

208. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 2 after executing the July 8, 1996 quitclaim deed, including the receipt of rental and other income generated by the property.

209. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 2.

210. Further, any transfer of interest in Property 2 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

211. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 2 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

212. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

213. Therefore, the United States' federal tax liens attach to Property 2, notwithstanding any purported transfer of interest to T&K Weathers.

United States' Complaint                    36                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

214. The United States' federal tax liens have priority over all interests in Property 2 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

215. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 2 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

## COUNT 8
**Foreclose Federal Tax Liens on Property 3, currently held by T&K Weathers as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property**

216. The United States incorporates by reference the allegations of Paragraphs 1-215, above, as if fully set forth here.

217. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

218. T&K Weathers paid little to no consideration for any transfer of interest in Property 3.

219. Mr. Weathers and/or Mrs. Weathers attempted to place Property 3 in the name of T&K Weathers in anticipation of litigation or other liabilities.

220. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers.

221. Mr. and Mrs. Weathers have retained possession and control of Property 3 after executing the May 23, 1996, quitclaim deed purporting to convey Property 3 to T&K Weathers.

United States' Complaint                37                **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

222. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 3 after executing the May 23, 1996 quitclaim deed, including the receipt of rental and other income generated by the property.

223. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 3.

224. Further, any transfer of interest in Property 3 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

225. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 3 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

226. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

227. Therefore, the United States' federal tax liens attach to Property 3, notwithstanding any purported transfer of interest to T&K Weathers.

228. The United States' federal tax liens have priority over all interests in Property 3 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

United States' Complaint 38

229. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 3 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

### COUNT 9
**Foreclose Federal Tax Liens on Property 4, currently held by T&K Weathers as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property**

230. The United States incorporates by reference the allegations of Paragraphs 1-229, above, as if fully set forth here.

231. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

232. T&K Weathers paid little to no consideration for any transfer of interest in Property 4.

233. Mr. Weathers and/or Mrs. Weathers attempted to place Property 4 in the name of T&K Weathers in anticipation of litigation or other liabilities.

234. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers.

235. Mr. and Mrs. Weathers have retained possession and control of Property 4 after executing the May 23, 1996, quitclaim deed purporting to convey Property 4 to T&K Weathers.

236. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 4 after executing the May 23, 1996, quitclaim deed, including the receipt of rental and other income generated by the property.

United States' Complaint      39

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

237. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 4.

238. Further, any transfer of interest in Property 4 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

239. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 4 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

240. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

241. Therefore, the United States' federal tax liens attach to Property 4, notwithstanding any purported transfer of interest to T&K Weathers.

242. The United States' federal tax liens have priority over all interests in Property 4 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

243. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 4 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

United States' Complaint               40

## COUNT 10
**Foreclose Federal Tax Liens on Property 5, currently held by T&K Weathers as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property**

244. The United States incorporates by reference the allegations of Paragraphs 1-243, above, as if fully set forth here.

245. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

246. T&K Weathers paid little to no consideration for any transfer of interest in Property 5.

247. Mr. Weathers and/or Mrs. Weathers attempted to place Property 5 in the name of T&K Weathers in anticipation of litigation or other liabilities.

248. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers.

249. Mr. and Mrs. Weathers have retained possession and control of Property 5 after executing the May 23, 1996, quitclaim deed purporting to convey Property 5 to T&K Weathers.

250. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 5 after executing the May 23, 1996, quitclaim deed, including the receipt of rental and other income generated by the property.

251. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 5.

252. Further, any transfer of interest in Property 5 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*,

United States' Complaint                  41

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

253. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 5 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

254. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

255. Therefore, the United States' federal tax liens attach to Property 5, notwithstanding any purported transfer of interest to T&K Weathers.

256. The United States' federal tax liens have priority over all interests in Property 5 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

257. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 5 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

//

//

//

United States' Complaint                    42                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

## COUNT 11
**Foreclose Federal Tax Liens on Property 6, currently held by T&K Weathers as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative set aside fraudulent transfers of this property**

258. The United States incorporates by reference the allegations of Paragraphs 1-257, above, as if fully set forth here.

259. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

260. T&K Weathers paid little to no consideration for any transfer of interest in Property 6.

261. Mr. Weathers and/or Mrs. Weathers attempted to place Property 6 in the name of T&K Weathers in anticipation of litigation or other liabilities.

262. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers.

263. Mr. and Mrs. Weathers have retained possession and control of Property 6 after executing the July 8, 1996, quitclaim deed purporting to convey Property 6 to T&K Weathers.

264. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 6 after executing the July 8, 1996, quitclaim deed, including the receipt of rental and other income generated by the property.

265. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 6.

266. Further, any transfer of interest in Property 6 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*,

United States' Complaint                    43

because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

267. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 6 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

268. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

269. Therefore, the United States' federal tax liens attach to Property 6, notwithstanding any purported transfer of interest to T&K Weathers.

270. The United States' federal tax liens have priority over all interests in Property 6 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

271. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 6 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. and Mrs. Weathers.

//

//

//

United States' Complaint                44                **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

## COUNT 12
**Foreclose Federal Tax Liens on Property 7, currently held by NetFunding as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property**

272. The United States incorporates by reference the allegations of Paragraphs 1-271, above, as if fully set forth here.

273. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

274. T&K Weathers paid little to no consideration for any transfer of interest in Property 7.

275. Mr. Weathers and/or Mrs. Weathers attempted to place Property 7 in the name of T&K Weathers in anticipation of litigation or other liabilities.

276. Netfunding paid little to no consideration for any transfer of interest in Property 7.

277. Mr. Weathers and/or Mrs. Weathers caused T&K to purportedly transfer its interest in Property 7 to Netfunding in anticipation of litigation or other liabilities.

278. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers and between Mr. and Mrs. Weathers and Netfunding.

279. Mr. and Mrs. Weathers have retained possession and control of Property 7 after executing the July 8, 1996, quitclaim deed purporting to convey Property 7 to T&K Weathers and after executing the October 17, 2000, warranty deed purporting to grant interest in the property from T&K Weathers to Netfunding.

280. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 7 after executing the July 8, 1996, quitclaim deed, including the receipt of rental and other income generated by the property.

United States' Complaint                    45

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

281. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 7.

282. Further, any transfer of interest in Property 7 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

283. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 7 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

284. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

285. Further, any transfer of interest in Property 7 to Netfunding should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

286. T&K Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 7 to Netfunding, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond its ability to pay, or (b) was insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

United States' Complaint          46

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

287. Accordingly, any claim or interest in Property by Netfunding is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr.Weathers, Mrs. Weathers and/or T&K Weathers, including the United States, and has no merit.

288. Therefore, the United States' federal tax liens attach to Property 7, notwithstanding any purported transfer of interest to T&K Weathers or to Netfunding.

289. The United States' federal tax liens have priority over all interests in Property 7 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

290. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 7 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

**COUNT 13**
**Foreclose Federal Tax Liens on Property 8 currently held by T&K Weathers as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property**

291. The United States incorporates by reference the allegations of Paragraphs 1-291, above, as if fully set forth here.

292. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

293. T&K Weathers paid little to no consideration for any transfer of interest in Property 8.

United States' Complaint                47                **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

294. Mr. Weathers and/or Mrs. Weathers attempted to place Property 8 in the name of T&K Weathers in anticipation of litigation or other liabilities.

295. There is a close relationship between T&K Weathers and Mr. Weathers and/or Mrs. Weathers.

296. Mr. and Mrs. Weathers have retained possession and control of Property 8 after executing the May 23, 1996, quitclaim deed purporting to convey Property 8 to T&K Weathers.

297. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 8 after executing the May 23, 1996, quitclaim deed, including the receipt of rental and other income generated by the property.

298. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 8.

299. Further, any transfer of interest in Property 8 to T&K Weathers should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

300. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring title of Property 8 to T&K Weathers, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

United States' Complaint                    48

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

301. Accordingly, any claim or interest in Property by T&K Weathers is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

302. Therefore, the United States' federal tax liens attach to Property 8, notwithstanding any purported transfer of interest to T&K Weathers.

303. The United States' federal tax liens have priority over all interests in Property 8 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

304. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 8 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

**COUNT 14**
**Foreclose Federal Tax Liens on Property 9 currently held by Precision as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property.**

305. The United States incorporates by reference the allegations of Paragraphs 1-304, above, as if fully set forth here.

306. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments against Mr. Weathers, Mrs. Weathers, TKW, and T&K Weathers, and attached to all property and rights to property belonging to Mr. and Mrs. Weathers.

307. Mr. Weathers received little to no consideration in exchange for assigning the real estate purchase agreement for Property 9 to Precision.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

308. Mr. Weathers and/or Mrs. Weathers assigned the purchase agreement to Precision in anticipation of litigation or other liabilities.

309. There is a close relationship between Precision and Mr. Weathers and/or Mrs. Weathers.

310. Mr. and Mrs. Weathers have retained possession and control of Property 9 after Precision executed the deed of trust.

311. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of Property 9 after assigning the purchase agreement to Precision, including the receipt of income generated by the property.

312. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of Property 9.

313. Further, any transfer of interest in Property 9 to Precision should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

314. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for transferring its interest in Property 9 to Precision, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

315. Accordingly, any claim or interest in Property 9 by Precision is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

316. Therefore, the United States' federal tax liens attach to Property 9, notwithstanding any purported transfer of interest to Precision.

United States' Complaint                    50

317. The United States' federal tax liens have priority over all interests in Property 9 acquired after the attachment of the liens and not granted a Certificate of Subordination of Federal Tax Lien.

318. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens against Property 9 by foreclosing upon and selling the property, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Weathers and Mrs. Weathers.

**COUNT 15**
**Order that Thomas Weathers, Kathy Weathers, and their nominees liquidate and repatriate any foreign assets, including the Belize Property currently held by Coral Management as a nominee and/or alter ego of defendants Thomas and Kathy Weathers or, in the alternative, set aside fraudulent transfers of this property.**

319. The United States incorporates by reference the allegations of Paragraphs 1-318, above, as if fully set forth here.

320. Upon information and belief, Mr. and Mrs. Weathers transferred their interest in the Belize Property to Coral Management for little to no consideration.

321. Coral Management was created by Weathers as a vehicle for evading creditors, including the IRS.

322. There is a close relationship between Coral Management and Mr. Weathers and/or Mrs. Weathers.

323. Mr. and Mrs. Weathers have retained possession and control of the Belize Property.

324. Mr. and Mrs. Weathers have continued to use and enjoy the benefits of the Belize Property, including the receipt of income generated by the property.

325. Accordingly, Mr. and Mrs. Weathers should be recognized as the true owners of the Belize Property.

United States' Complaint      51      **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

326. Further, any transfer of interest in the Belize Property to Coral Management should be set aside under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because it was made with the actual intent to hinder, delay, or defraud the United States and/or creditors.

327. Mr. and Mrs. Weathers did not receive a reasonably equivalent value in exchange for any transfer in the Belize Property to Coral Management, and (a) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay, or (b) were insolvent at the time of any such transfer or became insolvent as a result of any such transfer.

328. Accordingly, any claim or interest in the Belize Property by Coral Management is non-existent and/or fraudulent. Any such claim or interest was part of a scheme to defraud creditors of Mr. and Mrs. Weathers, including the United States, and has no merit.

329. Therefore, the United States' federal tax liens attach to the Belize Property, notwithstanding any purported transfer of interest to Coral Management.

330. Under 26 U.S.C. § 7402(a), district courts have broad authority to issue orders "as may be necessary or appropriate for the enforcement of the internal revenue laws." District courts have not hesitated to issue orders requiring taxpayers to repatriate funds in order to pay outstanding federal tax liabilities. *See e.g. United States v. Grant*, 96 A.F.T.R.2d 2005-6270 (S.D. Fla. 2005); *United States v. Greene,* 53 A.F.T.R.2d 84-1463 (N.D. Cal 1984); *United States v. McNulty*, 446 F. Supp. 90 (N.D. Cal 1978); *see also United States v. Ross*, 302 F.2d 831, 834 (2d Cir. 1962) (finding that once a court has personal jurisdiction over a taxpayer via personal service of process, "the court [has] power to

United States' Complaint        52

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

1    order [a taxpayer] to transfer property whether that property [is] within or without the

2    limits of the court's territorial jurisdiction.")

3    331. An order requiring the sale of the condo located in Belize and the repatriation of any

4    proceeds from that sale is appropriate in this case to collect the substantial tax liabilities

5    of Mr. Weathers and Mrs. Weathers.

6    WHEREFORE, the United States of America prays as follows:

7    A.  That this Court determine that Thomas Weathers is indebted to the United States

8    of America on the assessment described in Paragraph 136, above, in the sum of

9    $1,706,591.60 for the 1998-2006 tax years, plus statutory interest and other

10   additions running from January 15, 2018, as provided by law.

11   B.   That this Court determine that Kathy Weathers is indebted to the United States

12   of America on the assessment described in Paragraph 144, above, in the sum of

13   $1,443,989.36 for the 1998-2006 tax years, plus statutory interest and other

14   additions running from January 15, 2018, as provided by law.

15   C.  That this Court determine that Mr. and Mrs. Weathers are indebted to the United

16   States of America on the assessment described in Paragraph 151, above, in the

17   sum of $366,819.19 for the 2007-2011 tax years, plus statutory interest and other

18   additions running from January 15, 2018, as provided by law.

19   D.  That this Court determine that TKW Limited Partnership is indebted to the

20   United States of America on the assessment described in Paragraph 155, above,

21   in the sum of $11,693.52 for the 1998-2002, 2006, and 2011 tax years, plus

22   statutory interest and other additions running from January 15, 2018, as provided

23   by law.

United States' Complaint                53

24

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

E.  That this Court determine that T&K Weathers Limited Partners is indebted to the United States of America on the assessment described in Paragraph 159, above, in the sum of $26,747.38 for the 1999-2002 and 2006-2007 tax years, plus statutory interest and other additions running from January 15, 2018, as provided by law.

F.  That this Court declares that the tax liens of the United States for the assessments described in Paragraphs 136, 144, 151, 155, and 159, above, attached to the Subject Properties and that the United States has valid and subsisting liens against the Subject Properties;

G.  That this Court declares that TKW Limited Partnership holds title to the Subject Properties as the nominee and/or alter ego of Thomas and Kathy Weathers;

H.  That this Court declares that T&K Weathers Limited Partners holds title to the Subject Properties as the nominee and/or alter ego of Thomas and Kathy Weathers;

I.  That this Court declares that Precision Property Management Corporation holds title to the Subject Properties as the nominee and/or alter ego of Thomas and Kathy Weathers;

J.  That this Court declares that Netfunding, Inc. holds title to the Subject Properties as the nominee and/or alter ego of Thomas and Kathy Weathers;

K.  That this Court declare that the conveyances of the Subject Properties to the nominees of Thomas and Kathy Weathers are of no effect as to the lien claims of the United States, and they be set aside;

United States' Complaint                54

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

L.  Alternatively, that this Court declares that the United States has valid and subsisting liens against the Subject Properties;

M.  Alternatively, that this Court declares that any claim to or interest in the Subject Properties by any title holder or transferee other than Thomas Weathers and/or Kathy Weathers is fraudulent and/or non-existent;

N.  That this Court determine the merits and priority of any claim in interest in the Subject Properties asserted by Cowlitz County.

O.  That this Court order that the federal tax liens of the United States be foreclosed upon the Subject Properties; that the Subject Properties located within Washington be ordered sold by a court-appointed IRS Property and Appraisal Liquidation Specialist at a judicial sale; that the proceeds thereof be first applied to the costs of such sale and any outstanding real property county taxes at the time of such sale and then that the balance of such proceeds of sale be distributed to the United States to partially satisfy Mr. and Mrs. Weathers' outstanding federal income tax liabilities; and

P.  That this Court determine that Coral Management holds title to the Belize Property as the nominee/alter ego and/or fraudulent transferee of Mr. and Mrs. Weathers and order that Mr. and Mrs. Weathers liquidate both their and Coral Management's interest in the Belize condominium and repatriate the proceeds to the United States.

Q.  That the United States be awarded any such other relief as is just and proper.

United States' Complaint                    55                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

Dated March 12, 2018

Respectfully Submitted,

/s/ Boris Bourget
BORIS BOURGET (OSB No. 172172)
CHARLES J. BUTLER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
(202) 307-2182 (v- Bourget)
(202) 514-6062 (v- Butler)
Fax: (202) 307-0054
boris.bourget@usdoj.gov
charles.j.butler@usdoj.gov


*Of Counsel*
ANNETTE L. HAYES
United States Attorney
Western District of Washington

*Attorneys for the United States of America*

United States' Complaint                    56                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-2182

# UNITED STATES TAX COURT
### WASHINGTON, DC 20217

```
THOMAS D. WEATHERS,              )
                                 )
              Petitioner,        )
                                 )
         v.                      )  Docket No. 30180-08
                                 )
COMMISSIONER OF INTERNAL REVENUE,)
                                 )
              Respondent.        )
```

### ORDER AND DECISION

This case is calendared for trial on the November 15, 2010, Spokane, Washington trial session.

Petitioner filed a Motion to Dismiss on June 24, 2010, asking the Court to dismiss the petition upon the ground that the petition would be determined to be frivolous and that he could possibly be sanctioned.  Respondent filed a response to petitioner's motion on July 28, 2010.  Respondent does not object to the granting of petitioner's motion.

Upon due consideration and for cause, it is

ORDERED that petitioner's Motion to Dismiss is granted.  It is further

ORDERED and DECIDED that there are deficiencies in income tax, a delinquency addition to tax under I.R.C. section 6651(a)(2), a fraudulent failure to file addition to tax under I.R.C. section 6651(f), and an estimated tax addition to tax under I.R.C. section 6654 due from petitioner for taxable years 1998 through 2002, inclusive, as follows:

| Year | Deficiency | 6651(a)(2) Addition | §6651(f) Addition | §6654 Addition |
|------|-----------|---------------------|-------------------|----------------|
| 1998 | $59,328.00 | $14,832.00 | $43,012.80 | $2,692.79 |
| 1999 | $76,343.00 | $19,085.75 | $55,348.68 | $3,666.53 |
| 2000 | $74,174.00 | $18,543.50 | $53,776.15 | $3,989.45 |
| 2001 | $75,480.00 | $18,870.00 | $54,723.00 | $3,016.48 |
| 2002 | $68,237.00 | $17,059.25 | $49,471.83 | $2,280.29 |

**(Signed) Diane L. Kroupa**
**Judge**

Entered:  **AUG 02 2010**

**SERVED Aug 02 2010**

## UNITED STATES TAX COURT
**WASHINGTON, DC 20217**

```
KATHY J. WEATHERS,              )
                                )
              Petitioner,       )
                                )
          v.                    )  Docket No. 30136-08
                                )
COMMISSIONER OF INTERNAL REVENUE,)
                                )
              Respondent.       )
```

<u>ORDER AND DECISION</u>

This case is calendared for trial on the November 15, 2010, Spokane, Washington trial session.

Petitioner filed a Motion to Dismiss on June 24, 2010, asking the Court to dismiss the petition pursuant to Rule 53, Tax Court Rules of Practice and Procedure, upon the ground that the petition would be determined to be frivolous and that she could possibly be sanctioned.  Respondent filed a response to petitioner's motion on July 28, 2010, advising the Court that it appears that petitioner no longer contests the proposed deficiencies and penalties.  Respondent does not object to the granting of petitioner's motion and the entry of an order dismiss this case and finding that there are deficiencies and penalties due from petitioner as set forth in the deficiency notice.

Upon due consideration and for cause, it is

ORDERED that petitioner's Motion to Dismiss is granted.  It is further

**SERVED Aug 03 2010**

- 2 -

Weathers v. Commissioner
Docket No. 30136-08

ORDERED and DECIDED that there are deficiencies in income
tax and a fraud penalty under I.R.C. section 6663 due from
petitioner for the taxable years 1998 through 2002, inclusive,
as follows:

| Year | Deficiency | I.R.C. §6663 |
|------|------------|--------------|
| 1998 | $56,742.00 | $42,556.50 |
| 1999 | $72,486.00 | $54,107.25 |
| 2000 | $71,207.00 | $53,405.25 |
| 2001 | $72,478.00 | $54,358.50 |
| 2002 | $65,145.00 | $48,858.75 |

**(Signed) Diane L. Kroupa**
**Judge**

Entered:   **AUG 03 2010**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury  - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | | ❏ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation -
Transfer

❏ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**      ❏ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____