UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>THOMAS WEATHERS, et al.,<br><br>                Defendants. | CASE NO. 3:18-cv-05189-RJB<br><br>ORDER ON PLAINTIFF THE UNITED STATES' MOTION TO DISMISS COUNTERCLAIMS FOUR AND FIVE OF PRECISION PROPERTY MANAGEMENT CORPORATION, TKW LIMITED PARTNERSHIP AND T&K WEATHERS LIMITED |

      THIS MATTER comes before the Court on Plaintiff The United States' Motion to Dismiss Counterclaims Four and Five of Precision Property Management Corporation, TKW Limited Partnership and T&K Weathers Limited. Dkt. 39. Defendants did not respond to the motion. The Court has considered the motion and the remainder of the file herein.

      Plaintiff brings this action to reduce tax assessments to judgment and foreclose federal tax liens. Dkt. 1 at 1. It is alleged that Defendant Thomas Weathers and Defendant Kathy Weathers and/or several nominee, alter ego, or shell corporations named as defendants have evaded federal taxes by fraudulently transferring assets. *Id*. at 2. Cowlitz County and several other co-defendants are also named because of their possible interest in real property subject to the Plaintiff's alleged tax lien. *See generally*, *id*.

ORDER ON PLAINTIFF THE UNITED STATES' MOTION TO DISMISS COUNTERCLAIMS FOUR AND FIVE OF PRECISION PROPERTY MANAGEMENT CORPORATION, TKW LIMITED PARTNERSHIP AND T&K WEATHERS LIMITED - 1

1  Defendants TKW Limited Partnership, T&K Weathers Limited, T&K Weathers Limited, and Precision Partnership (hereinafter, "Defendants") jointly filed an Answer, Counterclaims and Affirmative Defenses. Dkt. 33. Counterclaim Four ("Damages 27 U.S.C. § 7432") and Counterclaim Five ("Damages, 26 U.S.C. § 7433") are the subject of Plaintiff's motion to dismiss, which Plaintiff filed in lieu of an Answer to the Counterclaims. Dkt. 39, FN 1. Both counterclaims seek damages against Plaintiff for "knowingly or negligently failing to release federal tax liens on property of Defendants even though the taxes were paid or otherwise unenforceable against such property." Dkt. 33 at ¶¶191, 195.

Plaintiff argues that Counterclaims Four and Five should be dismissed because of the failure to allege (1) exhaustion of administrative remedies, as required under 26 U.S.C. §§ 7432(d)(1) and 7433(d)(1); and (2) failure to bring the counterclaims within the applicable two year statute of limitations under 26 U.S.C. §§ 7432(d)(3) and 7433(d)(3). Dkt. 39 at 4. Plaintiff argues that dismissal on exhaustion and statute of limitations grounds is proper under Fed. R. Civ. P. 12(b)(1) and, alternatively, Fed. R. Civ. P. 12(b)(6). *Id.*

Defendants, who are represented by counsel, did not respond to Plaintiff's motion to dismiss.

Sections 7432 and 7433 allow taxpayers to seek damages against the IRS for "unauthorized collection actions," subject to exhaustion of administrative remedies, subsection (d)(1), and a 2 year statutory period, subsection (d)(3). 26 U.S.C. §§ 7432(d)(1) and (3); 7433(d)(1) and (3).

The Complaint, filed on March 12, 2018, alleges federal tax liabilities were recorded starting in 2011. Dkt. 1 at ¶¶167-169, 171.

Defendants' Counterclaim does not contain any factual allegations. *See* Dkt. 33.

| | |
|---|---|
| 1 | The Court finds dismissal warranted under Fed. R. Civ. P. 12(b)(6), because Defendants have not alleged plausible facts sufficient for their §§ 7432 and 7433 counterclaims. Both sections require the taxpayer-claimant to exhaust administrative remedies and to file within 2 years of accrual, and Defendants have alleged no facts to support either claim on these grounds. |

The Court finds dismissal warranted under Fed. R. Civ. P. 12(b)(6), because Defendants have not alleged plausible facts sufficient for their §§ 7432 and 7433 counterclaims. Both sections require the taxpayer-claimant to exhaust administrative remedies and to file within 2 years of accrual, and Defendants have alleged no facts to support either claim on these grounds.

Dismissal is also warranted under Fed. R. Civ. P. 12(b)(1), because the Court lacks jurisdiction over the counterclaims. *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993). *Accord Joseph v. United States*, 517 Fed. App'x 543 (9th Cir. 2013); *Camangian v. United States*, 475 F3d. App'x 216 (9th Cir. 2012); *Manant v. United States*, 498 Fed. App'x 752 (9th cri. 2012). Defendants were given the opportunity to respond to Plaintiff's motion and did not file a response, nor have Defendants sought leave to amend.

Plaintiff The United States' Motion to Dismiss Counterclaims Four and Five of Precision Property Management Corporation, TKW Limited Partnership and T&K Weathers Limited (Dkt. 39) is HEREBY GRANTED. Defendants' Counterclaim Four and Counterclaim Five (Dkt. 33 at ¶¶191-197) are HEREBY DISMISSED.

Plaintiff The United States may have fourteen (14) days from the issuance of this Order to respond to the remaining allegations.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of August, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge