UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS WEATHERS, et al.,

Defendants.

CASE NO. C18-5189 BHS

ORDER GRANTING IN PART,
DENYING IN PART, AND
RESERVING RULING IN PART
DEFENDANT'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT, REQUESTING
SUPPLEMENTAL BRIEFING,
AND RENOTING THE MOTION

This matter comes before the Court on Defendant Marlene M. Bennett Revocable

Living Trust's ("the Trust") motion for partial summary judgment. Dkt. 98. The Court

has considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby rules as follows:

## I.   PROCEDURAL HISTORY

On March 12, 2018, the Government filed this action against numerous

defendants, including the Trust, seeking to reduce federal tax liens against Defendants

Thomas and Kathy Weathers ("Weathers"), TKW Limited Partnership, and T&K

Weathers Limited Partnership. Dkt. 1. The Government named the Trust as a defendant

1  because it has stated an interest in one of the subject properties the Government seeks to

2  sell for proceeds. *Id.*

3      On April 7, 2020, the Trust moved for partial summary judgment. Dkt. 98. On

4  May 19, 2020, the Government filed a motion for extension of time to respond to the

5  Trust's motion for partial summary judgment.[1] Dkt. 108. On June 1, 2020, the

6  Government responded. Dkt. 111. On June 3, 2020, the Trust replied. Dkt. 112.

7                    **II.   FACTUAL BACKGROUND**

8      One of the subject properties the Government seeks to sell for proceeds is located

9  at 2111 42nd Avenue, Longview, WA 98632, and is identified as "Property 6." Dkt. 1

10 ¶¶ 81–92. In March 1992, Marlene Bennett ("Bennett") purchased Property 6 by a

11 statutory warranty deed, and the deed was recorded in Cowlitz County. Dkt. 111-1 at 2.

12 On August 25, 1992, Bennett sold Property 6 via a real estate contract to Leland and

13 Angela Cook ("Cooks"). *Id.* at 13–17. In January 1995, the Cooks assigned their interest

14 in the real estate contract to the Weathers. *Id.* at 25.

15     The original real estate contract bore an annual interest rate of 9.5% and required

16 monthly payments of $625. *Id.* at 14. When the Cooks assigned their interest to the

17 Weathers, the Weathers agreed to increase the interest rate to 10.75% and to increase the

18 monthly payments to $700. *Id.* at 28. The modified contract was recorded on January 31,

19 1995 in Cowlitz County. *Id.* at 27–31. In March 1996, the Weathers executed a quitclaim

20

21         [1] The Court finds that the motion was brought in good faith and that the Government filed a
   timely response in compliance with its request for an extension. The Court hereby **GRANTS** the
22 Government's motion.

deed transferring their interest in Property 6 to T&K Weathers Limited Partnership. *Id.* at 43. Bennett assigned her interest in the property to the Trust in April 2015. *Id.* at 5–6.

## III.  DISCUSSION

The Trust moves for partial summary judgment on three issues. First, it asserts that it holds a valid security interest in Property 6 that is senior to the Government's claims. Dkt. 98 at 5. Second, the Trust argues that the interest on the claim should be calculated on a monthly, rather than daily, basis. *Id.* at 5–8. And finally, the Trust argues that it is entitled to recover attorney's fees and costs and that those fees have the same priority as the underlying claim. *Id.* at 8–12.

### A.    Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

1   jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477

2   U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

3   626, 630 (9th Cir. 1987).

4          The determination of the existence of a material fact is often a close question. The

5   Court must consider the substantive evidentiary burden that the nonmoving party must

6   meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

7   U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual

8   issues of controversy in favor of the nonmoving party only when the facts specifically

9   attested by that party contradict facts specifically attested by the moving party. The

10   nonmoving party may not merely state that it will discredit the moving party's evidence

11   at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

12   *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

13   nonspecific statements in affidavits are not sufficient, and missing facts will not be

14   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

15   **B.    Merits**

16          The Trust first argues that it is entitled to summary judgment as to its priority in

17   interest in Property 6 over the Government's liens. The Government does not contest that

18   the Trust is owed an outstanding balance under the real estate contract and that both the

19   original and amended contracts were recorded in Cowlitz County prior to when the

20   Government recorded its notice of the liens at issue. Dkt. 111 at 3. Once the Government

21   records notice of its liens, the common law rule of "first in time, first in right" generally

22   applies. *United States v. McDermott*, 507 U.S. 447, 449 (1993). When the contracts and

1    the Government's lien were recorded in time is undisputed between the parties. And the

2    balance due under the real estate contract, including the 10.75% per annum interest rate,

3    is not in dispute. Therefore, the Trust has established as a matter of law that it has priority

4    in interest in Property 6 over the Government's liens. The Court thus grants the Trust's

5    motion for summary judgment as to the first issue.

6         The Trust next argues that the annual interest owed to it under the real estate

7    contract should be calculated on a monthly basis, rather than a daily basis. Dkt. 98 at 6–8.

8    The Trust cites to two usury cases to support its argument. Relying on *Ford Motor Credit*

9    *Co. v. Hutcherson*, 277 Ark. 102, 640 S.W. 96 (1982), the Trust contends that there is a

10   need for "a practical solution to the virtual impossibility of preparing a standard form of

11   contract that would yield 10% interest per annum on an exact day basis when monthly

12   payments are being made," *id.* at 105. The practical solution here, according to the Trust,

13   is a monthly calculation. The Trust additionally points to Washington's general rule for

14   usury cases that courts calculate interest over the full term of a loan. *O'Brien v. Sherason*

15   *Hayden Stone Inc.*, 90 Wn.2d 680, 689 (1978). However, the Arkansas Supreme Court in

16   *Ford Motor Credit Co.* explicitly approved of daily calculation of interest rates. 277 Ark.

17   at 104. And the Trust takes Washington's general usury rule out of context: courts

18   measure interest in the full term of the loan to determine whether the interest rate is

19   usurious. *O'Brien*, 90 Wn.2d at 689. The Trust points to no other cases to support its

20   argument that the interest rate should be calculated on a monthly basis. On the other

21   hand, the Government contends that resolution of this issue now is premature and if an

22   issue does arise after all the claims have been adjudicated, the issue will most likely be

1    resolved by negotiation or stipulation. Dkt. 111 at 4–5. The Court agrees with the

2    Government and the Trust has failed to establish that it is entitled to judgment as a matter

3    of law on this issue. Therefore, the Court denies the Trust's motion for summary

4    judgment as to the issue of interest rate calculation.

5         Finally, the Trust argues that it is entitled to recover attorney's fees and costs

6    pursuant to the real estate contract and that the fees have priority over the Government's

7    lien on Property 6. Federal tax law allows for the recovery of "the reasonable expenses,

8    including reasonable compensation for attorneys, actually incurred in collecting or

9    enforcing the obligation secured" to the extent that, under local law, the expenses have

10   the same priority as the underlying lien or security interest. 26 U.S.C. § 6323(e)(3).

11   Although it seems that the Trust is entitled to attorney's fees and costs that were

12   reasonably incurred in enforcing the Trust's priority, the Trust has failed to establish as a

13   matter of law that such fees have the same priority as the underlying lien under

14   Washington law.

15        Therefore, the Court requests a supplemental response and reply addressing

16   whether, under Washington law, attorney's fees retain the same priority as the lien or

17   security interest to which it relates. The Trust may file a supplemental response no later

18   than September 4, 2020. The Government may file a supplemental reply no later than

19   September 18, 2020. The Clerk shall renote consideration of this matter for September

20   18, 2020.

21   /

22   /

ORDER - 6

## IV.  ORDER

Therefore, it is hereby **ORDERED** that (1) the Trust's motion for partial summary judgment, Dkt. 98, is **GRANTED** in part and **DENIED** in part, (2) the Court reserves ruling in part and requests supplemental briefing as stated herein, and (3) the Clerk shall renote the motion for consideration on the Court's September 18, 2020 calendar.

Dated this 24th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge