UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS WEATHERS, et al.,<br><br>Defendant. | CASE NO. C18-5189 BHS<br><br>ORDER ON MOTION TO APPOINT RECEIVER AND MOTION TO STAY |

THIS MATTER is before the Court on Plaintiff the United States' Motion to Appoint Receiver, Dkt. 164, and on Defendants TKW, T&K, and Precision Property's Motion to Stay the Judgment pending appeal, Dkt. 172.

The United States argues that appointing a receiver to manage and ultimately sell Defendants' properties to satisfy the Government's tax liens is likely to net more proceeds than a judicial foreclosure sale conducted without a receiver. Defendants oppose the appointment of a receiver and ask the Court to stay the case and any sales pending resolution of its appeal of the Court's order on summary judgment, Dkt. 159, without requiring them to post a supersedeas bond.

ORDER - 1

The parties are familiar with the factual and procedural history of this case, which is detailed in the Court's March 31, 2021 Order granting in part and denying in part the United States' motion for summary judgment. *See* Dkt. 159.

The United States sued to foreclose its tax liens through the judicial sale of the subject properties by a Court-appointed IRS Property and Appraisal Liquidation Specialist. Dkt. 1 at 55. The Court granted summary judgment for the United States, permitting it to sell the properties identified as Properties 1–8 in this litigation, subject to Defendant Wapiti Ventures' superior lien in Properties 1, 2, 3, 4, 5, and 8, and the Marlene M. Bennett Revocable Living Trust's superior interest in Property 6. Dkt. 159 and 160. Defendants TKW Limited Partnership and T&K Weathers Limited Partnership asked the Court to enter partial final judgment under Federal Rule of Civil Procedure 54(b), and it did so. Dkt. 171. As a result, Defendants have appealed the underlying summary judgment order, Dkt. 174. They argue, persuasively, that the appeal will be mooted if the properties are sold before the appeal is resolved.

The United States seeks appointment of a receiver to take custody of, manage, collect rents and place them in the Court registry, and arrange for the sale of Properties 1–8. Dkt. 164. It argues that the receiver can complete repairs, collect rents, and prepare the properties for sale at a higher price than they would net at a traditional foreclosure sale. Defendants TKW, T&K, and PPM,[1] as well as senior lien holders Wapiti Ventures

---

[1] The Court is not persuaded by Defendants' new argument that PPM also has an interest in the properties by virtue of its leases and subleases. PPM provides no authority for the proposition that the United States may not foreclose a property which is subject to a leasehold interest, which is not an ownership interest under Washington law. *See* RCW 60.42.005(6), (8);

ORDER - 2

and the Bennett Trust, oppose a receiver. Wapiti points to its superior lien and right to payment and objects to the United States' proposal that the receiver pay all the rent collected into the Court Registry; it is entitled to a portion of such proceeds. Dkt. 168 at 2–3. To the extent the Government seeks to collect its judgment or the receiver's costs ahead of its superior lien on Property 6 (including, it claims, its right to attorneys' fees), the Bennett Trust similarly objects. Dkt. 169. Most persuasively, Defendants argue that if the properties are sold (through a receiver or otherwise), their right to appeal the Court's Order will be effectively lost.

Under 26 U.S.C. § 7402(a), the Court has jurisdiction to appoint a receiver and "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." In actions to enforce liens, at the request of the United States, "the court may appoint a receiver to enforce the lien." 26 U.S.C. § 7403(d). "In determining whether a receiver should be appointed, courts often consider the following factors: whether the defendant engaged in fraudulent conduct, whether an imminent danger of loss of property exists, the inadequacy of available legal remedies,

---

RCW 62A.2A-103(1)(j), (m); *see also United States v. Rodgers*, 461 U.S. 677, 710–11 (1983) (courts may consider, among other factors, "whether the third party with a non-liable separate interest in the property would, in the normal course of events . . . have a legally recognized expectation that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors"). Nevertheless, the United States' Motion to Strike Dkt. 185, the Declaration of David Tacke, Dkt. 183, is **DENIED** because the new evidence does not alter the Court's decision.

Nor is the Court persuaded by Defendants' argument that the United States' Complaint, Dkt. 1, failed to request the appointment of a receiver and that that failure is fatal to its current efforts. Dkt. 165 at 2 (citing *Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009)). The *Solis* creditor did not even notify the debtor of its efforts, which is not the case here, and appointing a receiver is one of the statutory methods for enforcing a tax lien.

and harm to the plaintiff if the request for a receivership is denied." *Solis*, 563 F.3d at 438.

The Court has concluded and adjudged that Defendants Thomas and Kathy Weathers' transfers of Properties 1–6 and 8 to T&K and of Property 7 to TKW were fraudulent. Dkt. 159. The Court is not persuaded, however, that any of the subject properties are in imminent danger of loss or that other legal remedies cannot protect the United States' interest. Nor has the United States established that it will be harmed if a receiver is not appointed. One of the primary threats to the properties and to the United States' interest in them is the fact that the properties appear to be in arrears on property taxes owed to Cowlitz County. Dkt. 179. The Government can protect itself from these liens, however, by paying them itself, and it does not require a receiver to do so.

Furthermore, Wapiti and Bennett each have interests in some of Defendants' properties that are superior to the Government's, and the Government's proposal does not necessarily protect those interests. Wapiti Ventures has superior liens on Properties 1, 2, 3, 4, 5, and 8. It contends that the United States' proposed order appointing a receiver inappropriately gives the United States exclusive power to work with the receiver, without input from Wapiti. Dkt. 168 at 1. Wapiti also contends that it should be paid ahead of the receiver's costs and compensation—costs of maintenance, repair, improvements, administration, and an 8% fee on sales. *Id*. at 3. Wapiti argues these costs and fees are excessive. *Id.* The United States points out that in any sale of property, the entity conducting the sale is paid first, Dkt. 170 at 7, but that is not itself an excuse for increasing those costs through employment of a receiver.

Most importantly, the Court agrees that Defendants' remedy upon a successful appeal would be substantially impaired if the Government or a receiver on its behalf is permitted to sell the properties while the appeal is pending. Defendants ask the Court to stay the Government's collection efforts and this case pending the resolution of their appeal under Federal Rule of Civil Procedure 62(b) without requiring them to post a supersedeas bond. Dkt. 172 at 3 (citing *Pierce v. Santa Maria Joint Union High Sch. Dist.*, No. 2:11-CV-09463-SVW (FMOx), 2013 WL 12174697, *2 (C.D. Cal. Mar. 27, 2013) ("A waiver of the bond requirement may be appropriate where: (1) 'the [loser's] ability to pay the judgment is so plain that the cost of the bond would be a waste of money'; and (2) 'the opposite case, . . . *where the requirement would put the [loser's] other creditors in undue jeopardy*.") (emphasis added, internal citations omitted)). Defendants ask the Court to consider its request under the following factors, each of which it persuasively claims supports staying the case without a bond:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3); the degree of confidence the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)). They ask the Court to exercise its broad discretion to waive the bond requirement because it is prohibitively expensive and because the Government's recourse to the property will be the same after an unsuccessful appeal as it is now, except that the properties are likely to

have appreciated over that time. They argue that they have no other assets and no income other than the rents generated, and no ability to post a bond without jeopardizing their other creditors. And they correctly point out that the collection process—selling their only assets if they lose the appeal—will be no more complicated that it is now.

The United States contends that, at a minimum, the Court should condition any stay on (1) Defendants posting a bond equal to (a) the market value of the properties at issue plus (b) the amount of the rent collected from the properties since 2008; and (2) the appointment of a receiver to manage the properties and place the rent they generate into the Court's registry for future disbursement. Dkt. 167 at 7–8.

These extreme measures are not practical to enforce and are not warranted under the circumstances. The Government's judgment is already secured and posting a bond equal to it would not make it more so. It would, however, deprive the Defendants of their ability to appeal this Court's Order.

Barring some unforeseen change in circumstance, the United States' Motion for the Appointment of a Receiver, Dkt. 164, is **DENIED without prejudice**. Defendants shall report in writing to the Government and to the Court at least monthly on their profits and losses (including itemized expenses) and balance sheets.

Subject to these reporting requirements, Defendants' Motion for a Stay pending appeal, without posting a bond, Dkt. 172, is **GRANTED**.

\

\

\

**IT IS SO ORDERED.**

Dated this 30th day of August, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge