UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>  v.<br><br>THOMAS WEATHERS, et al.,<br><br>             Defendant.<br><br>―――――――――――――――――<br><br>DAYSTAR DEVELOPMENT, LLC<br><br>             Plaintiff,<br><br>  v.<br><br>T&K WEATHERS LIMITED PARTNERSHIP, et al.,<br><br>             Defendants. | CASE NO. C18-5189 BHS<br><br>ORDER |

THIS MATTER is before the Court on six motions to quash judicial subpoenas plaintiff United States served on U.S. Bank, N.A., seeking information about accounts connected to Daystar Development, LLC. The motions were filed by the following U.S. Bank customers:

ORDER - 1

- successor-in-interest to defendant Wapiti Ventures, Daystar Development, LLC, Dkt. 276;

- interested, pro se non-party David Tacke, Dkt. 278;

- interested non-party WTJ Development (filed by its owner, David Tacke), Dkts. 279 and 284;

- interested non-party Joseph Tacke (filed by his father, David Tacke) Dkt. 285; and

- interested, pro se non-party Brian Weathers, Dkt. 286.

\* \* \*

Defendant Wapiti Ventures loaned defendant T&K Weathers LP $160,000, secured by a deed of trust on five rental properties in Longview, Washington. The debt was evidenced by a promissory note executed by T&K Weathers LP, and guaranteed by defendants Tom and Kathy Weathers and their four adult children, including Brian Weathers. This Court long ago determined that T&K Weathers LP (and other entities) were the Weathers' alter egos, and that the government's $4 million tax lien attached to five properties owned by T&K Weathers LP. *See* Dkt. 159. The Ninth Circuit affirmed that decision last year. Dkt. 245. The Court also determined that Wapiti Ventures' interest in the T&K Weathers LP's properties was superior to the government's lien—a point the government conceded.

The latest chapter of this enduring dispute involves Daystar Development's claim that it purchased T&K Weathers LP's promissory note and defendant Wapiti Venture's superior lien, and Daystar's effort to foreclose that lien. *See Daystar Development, Inc. v.*

*T&K Weathers LP, et al.*, ("*Daystar*"), No. C23-5389 BHS, at Dkts. 1-2, 22, and 49. The two cases have since been consolidated. Dkt. 273.

The government contends that Daystar is yet another Weathers alter ego, and that its purchase was a fraudulent effort to defeat the government's lien. It asserts that a debtor's purchase of its own note extinguishes the debt, and further, that if Weathers purchased the promissory note, the government's lien attached to that asset. *See Daystar*, Dkt. 34 at 2.

The Court granted the government's request to conduct discovery into Daystar and its purchase of Wapiti's lien. *Daystar*, Dkt. 45 at 9. It also extended the discovery cutoff, and compelled Daystar to produce documents. *Daystar*, Dkt. 64. The government has now subpoenaed U.S. Bank, where Daystar, Brian Weathers, and David Tacke have accounts in their own or others' names.

Daystar seeks to quash the subpoenas under the Right to Financial Privacy Act, 12 U.S.C. § 3410(a), arguing that the government's subpoena is not in furtherance of a "legitimate law enforcement inquiry." Dkt. 276 at 2 (citing 12 U.S.C. § 3407(1)). It asserts that the case instead involves only the validity, priority, and amount secured by liens on real property. *Id*.

Interested non-parties Tacke and Brian Weathers echo this argument. They also argue that the government never sent them a request for production, and that they have never failed to respond to a request for production. *See* Dkts. 278, 279, 284, 285, 286. The latter argument is not persuasive because Tacke and Brian Weathers are not parties and are not subject to those sorts of discovery requests.

The United States' Response details the substantial evidence it has already discovered linking Daystar to the Weathers, to the guarantors of the secured Wapiti debt, and to Tacke. It argues that its U.S. Bank inquiry furthers its legitimate interest in enforcing both the Internal Revenue Code and this Court's judgment.

The government also persuasively contends that the motions to quash are flawed for other reasons, some substantive, some technical, and all of which are fatal to the motions to quash:

### 1. Daystar is not a U.S. Bank "customer."

The Right to Financial Privacy Act provides "customers" the right to object to subpoenas seeking their banking information. 12 U.S.C. § 3410(a). It defines a "customer" as a "person," which means "an individual or a partnership of five or fewer individuals." *Id.* § 3401(5). It does not include limited liability companies, large or small. *Fresh Pak Produce, LLC v. U.S. Dep't of Lab.*, No. 221MC00292TLNJDP, 2022 WL 3684905, at *2 (E.D. Cal. Aug. 25, 2022).

Daystar is an LLC. It is not a customer under the Right to Financial Privacy Act, and its motion is **DENIED** on that basis alone.

### 2. Daystar is a party subject to discovery under the Civil Rules.

The government subpoenaed Daystar's banking records in connection with this litigation under Federal Rule of Civil Procedure 45. The Right to Financial Privacy Act's protections do not apply to parties in litigation, even if Daystar was a U.S. Bank "customer." 12 U.S.C. § 3413(e). Daystar has no standing to quash the subpoena under the Act. Its motion on this basis is **DENIED**.

### 3.  Daystar cannot assert a customer challenge on behalf of others.

Daystar seeks to quash the government's subpoenas for records relating to "various non-party customers." Dkt. 276 at 2. It cites no authority for one non-customer entity to quash a subpoena seeking other customers' banking records, and there is none. Daystar's motion to quash on this basis is **DENIED**.

### 4.  Tacke's and Brian Weathers' challenges are untimely.

The Act requires a customer seeking to quash a subpoena to do so within 14 days of the date the subpoena was mailed to him. Here, that date is May 10, 2024. This time limit is jurisdictional, and it is strictly enforced. *Lund v. United States*, No. 6:14-MC-00048-AA, 2014 WL 2041825, at *1 (D. Or. May 8, 2014); *York v. Soc. Sec. Admin. Off. of the Inspector Gen.*, No. CV 10-9435 PSG SSX, 2011 WL 282339, at *1 (C.D. Cal. Jan. 25, 2011); *Turner v. United States*, 881 F. Supp. 449, 451 (D. Haw. 1995).

Tacke's first two motions were filed 15 days later, on May 25. Dkts. 278, 279. His later motions were filed May 28. All are barred by the strict deadline, and Tacke provides no explanation for the delay in receipt. Brian Weathers' motion was filed May 28, and he too has described no reason for the delay. Their motions to quash, Dkts. 278, 279, 284, 285 and 286, are **DENIED** as untimely.

### 5.  Tacke cannot object on behalf of WJT Development LLC, or his son.

Tacke moves to quash on behalf of his entity, WTJ Development, LLC. He cannot do so for at least two reasons. First, WTJ is not a "customer" for purposes of the Act; it is an LLC. Second, as a non-attorney, Tacke cannot represent his LLC (or his son) in this Court. *See* Local Rules, W.D. Wash., LCR 83.1.

ORDER - 5

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a pro se exception to this general rule, under which a person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787, (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is, however, extremely limited and applies "'only if the layperson is acting solely on his own behalf'" with respect to his own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). The real party in interest must be the person who "by substantive law has the right sought to be enforced." *See* C.*E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (the privilege to represent oneself pro se provided by section 1654 is personal to the litigant and does not extend to other parties or entities). A non-lawyer representative cannot litigate claims that are not personal to him.

Tacke's motions on behalf of WTJ Development, LLC and his son, Joseph, Dkts. 278, 279, 284, and 285 are **DENIED**.

If and to the extent Brian Weathers' motion to quash is made on behalf Precision Property Management or Precision Property Holdings, LLC, he similarly cannot do so. His motion to quash on this basis, Dkt. 286, is **DENIED.**

### 6. No objection is supported by an affidavit.

A customer seeking to quash a subpoena under the Act must support his motion with an affidavit or sworn statement. 12 U.S.C. § 3410(a). None of the movants have filed such an affidavit. The motions to quash are **DENIED** on this basis.

### 7. The subpoenas are part of a legitimate law enforcement inquiry.

The government correctly contends that the issue is not whether the records sought are relevant, but whether the government *reasonably believes* that that they are—which is "not a high burden." Dkt. 288 at 9 (citing *Echavarria v. Dep't of Def.*, No. 123MC00036JLTEPG, 2023 WL 3872173, at *1 (E.D. Cal. May 15, 2023)). It argues that it need not *allege* anything to support its subpoenas; the Supreme Court has confirmed that it need only a reason to *inquire*. Dkt. 288 at 12 (citing *United States v. Clarke*, 573 U.S. 248, 254 (2014) (the purpose of a document summons "is not to accuse, much less to adjudicate, but only to inquire")).

Furthermore, the government does allege that one or more of the Wapiti borrowers paid off the note and created another alter ego company to pose as their own creditor, in an effort to avoid the government's lien. *Id*. at 2. And it has submitted evidence which tends to support that conclusion. Its subpoenas are in furtherance of its legitimate law

enforcement inquiry, based on a reasonable belief that the records sought are relevant to that inquiry. 12 U.S.C. § 3410(c).

For each of these reasons, the motions to quash, Dkts. 276, 278, 279, 284, 285, and 286, are **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2024.

BENJAMIN H. SETTLE
United States District Judge